JOSEPH WOLF *vs.* WILLIAM ZABEL and others.

## July 15, 1890.

Vendor and Purchaser—Possession by Third Person as Notice.—The rules laid down by this court in *Morrison* v. *March*, 4 Minn. 325, (422;) *Groff* v. *Ramsey*, 19 Minn. 24, (44;) and *Wilkins* v. *Bevier*, 43 Minn. 213,—as to the effect actual possession of land, by a person other than the vendor, has upon a purchaser, applied to the admitted facts in this case.

Appeal by defendants from a judgment of the district court for Washington county, where the action was tried by *McCluer*, J., a jury being waived.

*Searles & Gail*, for appellants.

*Fayette Marsh* and *C. B. Jack*, for respondent.

COLLINS, J.. This is an action of ejectment, both plaintiff and the defendant Heuer claiming title under the same person. It is undisputed that, in proceedings had upon a judgment against the defendant William Zabel, the premises in question were sold upon execution to one Lohman on June 13, 1884; the sheriff's certificate of sale having been recorded on June 20th. On the 19th day of May following, Lohman duly assigned and delivered this certificate, for an adequate money consideration, to defendant Heuer; but the assignment was not recorded until May 31, 1887. There was no redemption from the execution sale, and the premises were and are of the value of $3,000. On May 7, 1887, Lohman, in consideration of the sum of $10 paid him by the plaintiff, Wolf, executed and delivered to the latter a quitclaim deed of the premises, which deed was re-

corded on the same day. As will be noticed, the record title was in the plaintiff upon the recording of this deed, although the defendant Heuer had become the owner, under the execution sale, upon the expiration of the period of redemption, almost two years before. The important question between the parties is whether plaintiff had actual or constructive notice of the rights or interests of defendant Heuer when he obtained the quitclaim deed from Lohman. The trial court determined that he had neither, and ordered judgment for plaintiff, which was duly entered. This determination was manifestly erroneous, and the judgment must be reversed.

1. The plaintiff specifically averred in his complaint that his title to the premises in dispute was derived from Lohman by means of the quitclaim deed; and on the trial he made no effort to establish title, or claim of title, save through this conveyance. As a bar to these proceedings, defendants alleged in their answer the pendency of another action between these parties in the same court, and for the same cause of action. In the testimony, little or no reference was made to another action; but, from a stipulation made by plaintiff's counsel, it is evident that on the 18th of April, 1887, nearly one month before plaintiff secured the Lohman deed, he commenced an action against these same defendants to recover possession of the premises in controversy; and later, after an attempted or partial trial of the case, it was dismissed by the plaintiff. We are not informed as to the nature of the claim then made or right asserted by plaintiff, on which he based an action to recover possession of this property as against the defendants, or why he dismissed; but it is obvious that when bringing ejectment, in April, 1887, before the execution and delivery of the Lohman deed to him, the plaintiff had actual knowledge of the occupancy of these premises by some or all of these defendants, and that this occupancy was adverse and hostile to him; and it would also seem somewhat strange if, in the commencement of the action of ejectment and in the proceedings which followed, including an attempted or partial trial, the plaintiff had not learned, and did not have full knowledge of, the exact condition of affairs, and that Heuer claimed title in fee through the sale upon execution, and the assignment of the sheriff's certificate by Lohman to

him, and that the Zabels were in possession under Heuer as tenants or otherwise.

2. Actual knowledge of the occupancy by the Zabels, or of the character of the title asserted by Heuer, was not essential, however. It is admitted that, when plaintiff obtained the Lohman deed, Gottfried Zabel and his son William were residing upon and in possession of the premises; and the undisputed testimony is that they were so in possession under Heuer. It is immaterial whether they held as tenants, or under an agreement that both or either might purchase. The possession of each not only protected the rights of each, but affected the plaintiff with like notice of title in Heuer. When he took the deed from Lohman, plaintiff was charged with constructive notice of the rights and interests of the defendants then in actual possession, and also with notice of the rights and interests of the defendant under whom they held. He was not a purchaser in good faith, and without notice. *Morrison* v. *March,* 4 Minn. 325, (422;) *Groff* v. *Ramsey,* 19 Minn. 24, (44;) *Wilkins* v. *Bevier,* 43 Minn. 213, (45 N. W. Rep. 157.)

With these views it seems unnecessary for us to consider what bearing the fact that plaintiff paid but $10 for a deed of property worth $3,000 might have had upon the result. It is of no consequence, as we regard the case.

Judgment reversed.