NORTHWESTERN LAND CO. *vs.* GEORGIA A. DEWEY *et al.*

Argued June 26, 1894.   Reversed July 23, 1894.

No. 8701.

**Possession by tenant is notice to judgment creditor of landlord's title.**

Application of the rule that when real property on which a judgment creditor asserts a lien is actually occupied by a third party as tenant at the time the judgment is docketed, the creditor is charged with constructive notice of the rights and interests of the person from whom the occupant leases. *Held*, in this case, that, had the creditor made such inquiries of the tenant as were incumbent upon her to make, she would have naturally obtained the information that prior to the docketing of the judgment the premises had been sold and conveyed by the judgment debtor to another party,—the deed of conveyance not being of record,—and by the latter sold and conveyed to the plaintiff, from whom the tenant leased.

Appeal by plaintiff, the Northwestern Land Company, a corporation, from a judgment of the District Court of Hennepin County, *Charles M. Pond,* J., entered January 25, 1894, that it have no relief as against the defendant, Georgia A. Dewey.

This action was brought October 28, 1892, under 1878 G. S. ch. 75, § 2, to determine the defendants' adverse claims to, and liens upon, lot twenty (20) in block one (1) in Baker's Second Addition to Minneapolis. There was a dwelling house on this lot built prior to 1887. The defendant, Georgia A. Dewey, answered, claiming a lien by virtue of a judgment that she recovered and docketed August 20, 1890, against William B. Clark for $1,704.87. The property was then occupied by Frank Samels, a tenant, who went into possession

in November, 1889, and remained until March, 1891. She made .o
inquiry of him regarding the title. Clark formerly owned the house
and lot and conveyed it in 1888 to the W. B. Clark Investment Com-
pany, but the deed was lost and was never recorded. This corpora-
tion conveyed the lot January 21, 1890, to the plaintiff and its deed
was recorded April 11, 1890. Samels was in possession paying $14
rent every month to plaintiff's agents at the time her judgment was
docketed. Plaintiff claimed that the tenant's possession was notice
to her of its title and of all the facts which proper inquiry would
have disclosed. The trial court made findings of these facts and
further found that Samels had no written lease and was never in-
formed and did not know who was the owner or who claimed to be
the owner of the property. As a conclusion of law the court held
that the judgment was a valid lien upon the property. Judgment
was so entered and plaintiff appeals.

   *Cobb & Wheelwright,* for appellant.

   When defendant Dewey docketed her judgment against Clark he
was on the records the apparent owner of the lot, but plaintiff was
in possession through its tenant and therefore no lien attached. De-
fendant claims, however, that the facts found by the court respect-
ing the possession are insufficient to charge her with constructive
notice of plaintiff's title. When the judgment was docketed our
recording acts placed the respondent in the position of a bona fide
purchaser from Clark, but they placed her on no better footing than
she would have been, had she been an actual purchaser from Clark,
instead of his judgment creditor. *Lamberton* v. *Merchants Nat.
Bank,* 24 Minn. 281; *Groff* v. *State Bank of Minneapolis,* 50 Minn.
234.

   Two distinct and separate rules have been settled in the United
States respecting notice by possession. One is that an actual, open,
visible and notorious possession by anyone rightfully in possession
or holding under a valid title is a constructive notice of that title
to subsequent purchasers or incumbrancers equivalent in its extent
and effect to the notice given by registration. The purchaser is not
allowed to say that he made a proper inquiry and failed to ascertain
the truth. *Truesdale* v. *Ford,* 37 Ill. 210; *Coari* v. *Olsen,* 91 Ill.
273; *Tillotson* v. *Mitchell,* 111 Ill. 518; *Higgins* v. *White,* 118 Ill.

619; *Noyes* v. *Hall*, 97 U. S. 34; *Russell* v. *Sweezey*, 22 Mich. 235; 2 Pomeroy Eq. Jur. (2nd Ed.) §§ 615, 623.

There are, on the other hand, cases holding that the presumption arising from possession is not conclusive, but only *prima facie*, and that this *prima facie* presumption can be overcome by proper evidence, showing that the party made diligent inquiry and failed to discover the real truth concerning the adverse interest. Minnesota cases are in this class. 2 Pomeroy Eq. Jur. (2nd Ed.) § 624, and cases cited; *Williamson* v. *Brown*, 15 N. Y. 354.

The trial court held under *Wilkins* v. *Bevier*, 43 Minn. 213, that the defendant at the time of the docketing of her judgment, was bound by such facts only as she would have discovered had she in the exercise of due diligence made inquiry of Samels respecting the possession and occupancy, and that under the facts found she could not have ascertained the fact of plaintiff's ownership by such inquiry. *Scheerer* v. *Cuddy*, 85 Cal. 270; *Wolf* v. *Zabel*, 44 Minn. 90.

The question arises as to the nature and extent of the inquiry which Mrs. Dewey was bound to make at the time of the docketing of her judgment. It must appear that she acted, not only in good faith, but with extreme vigilance, for equity refuses to protect the careless and the slothful. *Sergeant* v. *Ingersoll*, 7 Pa. St. 345; *Ellis* v. *Horrman*, 90 N. Y. 466; *Reed* v. *Gannon*, 50 N. Y. 346.

The omission of Mrs. Dewey to inquire of Samels, the tenant, as to the title was a failure to make proper inquiry as to plaintiff's rights and disentitles her to a lien. By inquiry of Samels she would have learned that he was not owner, but paid rent, and to whom he paid it. Then inquiry of the payee would have disclosed plaintiff's title. *Scheerer* v. *Cuddy*, 85 Cal. 270.

*Fred W. Reed*, for respondent.

The law is, not that possession is notice, but that the possession simply puts one on inquiry, and if no inquiry is made it holds the judgment creditor to notice of such facts as would have been learned by inquiry. There was no inquiry in this case. If the natural result of inquiry would have been the knowledge of such facts as are equivalent to knowledge of the unrecorded deed, then this defendant is held to such knowledge. If such inquiry would not under the cir-

cumstances of the case have led to knowledge, then she is not held to knowledge of plaintiff's title. *Williamson* v. *Brown*, 15 N. Y. 354; *Wilcox* v. *Leominster Nat. Bank*, 43 Minn. 541; *Fassett* v. *Smith*, 23 N. Y. 252; *Youngs* v. *Wilson*, 27 N. Y. 351; *Birdsall* v. *Russell*, 29 N. Y. 220; *Reed* v. *Gannon*, 50 N. Y. 345; *Cambridge Valley Bank* v. *Delano*, 48 N. Y. 326.

If one does not make inquiry he will be charged with such facts as he would have found out if he had inquired, not with actual notice of the title, but only such facts as inquiry would have disclosed. *Emeric* v. *Alvarado*, 90 Cal. 444.

The cases in this state lead to the same result. *Palmer* v. *Bates*, 22 Minn. 532; *Dutton* v. *McReynolds*, 31 Minn. 66; *Wilcox* v. *Leominster Nat. Bank*, 43 Minn. 542; *Groff* v. *Ramsey*, 19 Minn. 44; *New* v. *Wheaton*, 24 Minn. 406; *Roussain* v. *Norton*, 53 Minn. 560. The record of the deed from the W. B. Clark Investment Company to plaintiff was not notice. Mrs. Dewey did not know of this deed and it was not in the chain of title. It was therefore notice of nothing. *Burke* v. *Beveridge*, 15 Minn. 205; *Veazie* v. *Parker*, 23 Me. 170; *Le Neve* v. *Le Neve*, 2 White & Tudor, Lead. Cas. Eq. 208; *Cook* v. *Travis*, 22 Barb. 338; *Roberts* v. *Bourne*, 23 Me. 165; *Bates* v. *Norcross*, 14 Pick. 224; *Losey* v. *Simpson*, 11 N. J. Eq. 249; *Embury* v. *Conner*, 3 N. Y. 511; *Lightner* v. *Mooney*, 10 Watts, 407; *Chicago* v. *Witt*, 75 Ill. 211; *Kerfoot* v. *Cronin*, 105 Ill. 609; *Page* v. *Waring*, 76 N. Y. 463.

Dewey would be held to such knowledge only of the plaintiff's title as she could get by going on the land. *Page* v. *Waring*, 76 N. Y. 463. This information must be so clear that it would work upon her conscience and amount to a fraud to allow her to disregard it, and the inference of fraud must be clear and necessary. 1 Kent, Comm. 171; *Holmes* v. *Stout*, 10 N. J. Eq. 419; *Harris* v. *Arnold*, 1 R. I. 126; *Smith* v. *Yule*, 31 Cal. 180; *Ware* v. *Lord Egmont*, 4 DeG., M. & G. 458. The burden is on plaintiff to show this. *Bush* v. *Golden*, 17 Conn. 594. Plaintiff is the party in the wrong by failing to record its deed. Bad faith in Dewey will not be presumed. *Hoyt* v. *Jones*, 31 Wis. 389. Samels did not know who owned the property, nor had he any knowledge of the unrecorded deed. It does

not appear that he knew where the rent was paid, for he did not pay it personally. It does not in fact appear that anything would have been naturally discovered by inquiry from Samels as to the ownership of this lot. If the facts to be found on inquiry are consistent with Clark's title they are no notice of rights in anyone else. *Brown* v. *Volkening,* 64 N. Y. 76; *Atwood* v. *Bearss,* 47 Mich. 72; *Harris* v. *Arnold,* 1 R. I. 126.

COLLINS, J. August 20, 1890, the day upon which the defendants' money judgment was entered and docketed against William B. Clark, the title to the property in controversy stood of record in Clark. He had sold and had agreed to convey it to the W. B. Clark Investment Company in November, 1887, and the company had from that time on assumed control over it by leasing the same, paying taxes, and making repairs upon the house. The deed of conveyance, in which the company was named grantee, was actually executed and delivered by Clark and his wife January 21, 1890, but this deed was lost, and never put on record. At the same time the company sold and by deed duly conveyed the property to the plaintiff, the deed being put on record April 11, 1890. It having been discovered that the deed to the company was not of record, Clark and his wife duly conveyed the premises to the plaintiff October 20, 1892.

The court below found that about November 1, 1889, the investment company, by or through some one of its agents, verbally leased the premises to one Frank Samels. He remained in actual possession until March, 1891, and was therefore in possession August 20, 1890, the day upon which the judgment was docketed. The tenant never knew who was the owner of the house and lot. From January, 1890, until July 1st of that year the rent was paid by the tenant's wife, or by his brother, at the office of the company, which was also plaintiff's office. About July 21st, the company having become insolvent, plaintiff removed its office to another place. After July 1st the rent was collected monthly by plaintiff's agents from the tenant's wife at the house, or from the brother at his place of business.

The judgment creditor had constructive notice at the time of the docketing of the judgment that Samels was in possession of the property. He was thereupon charged with constructive notice of Samels' rights as a tenant, and of the rights and interests of the person from

whom he leased. *Wilkins* v. *Bevier*, 43 Minn. 213, (45 N. W. 157.) We have, then, to determine what the creditor would have learned had she inquired of Samels,—what knowledge would naturally have been obtained had she sought it,—for with this she is chargeable. Had an inquiry been made by the tenant, the creditor might have been informed that the owner's name was not known; but she certainly would have been told that the tenant had rented from a certain person, and that part of the time the rent had been paid at an office jointly occupied by the investment company and the plaintiff, and that at that particular time the rent was collected either at the house or at the brother's place of business by persons other than Clark, in whom the title appeared of record.

Unless the creditor could stop right there, making no further effort to ascertain the names and whereabouts of the persons who were thus assuming to act as owners of the house and lot, she must be held to have notice of what would naturally have been ascertained had she inquired of those persons as to their rights, and for whom they were acting when leasing and when collecting rent. It was undoubtedly incumbent upon her, as it would have been on a purchaser, to obtain information which was readily at hand, as to who made the lease and collected the rent. Had she made the inquiries of the persons who did this, she would have been told for whom they were acting, and this would have been notice of plaintiff's claim to the property. Pursuing her inquiries a step further, she would have learned that the property had been sold to the investment company, and by it to the plaintiff. In fact, the deed from the investment company was then of record. All of this information was within her reach, the natural and ordinary result of pertinent inquiries; and she must be charged with it as fully as if it had actually been obtained.

We do not think that the fact that the debtor Clark was president of the investment company, and until about January 1, 1890, was president of the plaintiff corporation, and actually engaged in the conduct of its business, is of controlling importance.

Judgment reversed.

BUCK, J., did not sit.

(Opinion published 59 N. W. 1085.)