GEORGE H. NILES v. CHARLES A. COOPER and Another.[1]

May 4, 1906.

Nos. 14,775—(78).

**Vendor and Purchaser—Possession.**

    Actual possession of real property is notice to all the world of the title and rights of the person in possession, also of all facts connected therewith which reasonable inquiry would disclose; and a purchaser thereof, knowing the possession to be in a third person, is chargeable with notice of such facts. If he fails to make proper inquiry to ascertain the state of the title, he is not a purchaser in good faith.

**Redemption from Foreclosure.**

    The rule applies to one redeeming from a mortgage foreclosure of land, which, at the time of redemption, is in the actual possession of a person other than the mortgagor.

[1]Reported in 107 N. W. 744.

**Same.**

> Upon the facts stated in the opinion, plaintiff is *held* not to have been a good faith redemptioner from the mortgage foreclosure therein referred to, and his attempted redemption vested in him no rights and was ineffectual to transfer to him the title to the land.

Appeal by plaintiff from an order of the district court for Benton county, Searle, J., denying a motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

*George H. Niles* and *Lindbergh & Blanchard,* for appellant.

*Stewart & Brower,* for respondents.

BROWN, J.

Action in ejectment to recover the possession of certain land. Defendant had a directed verdict in the court below, and plaintiff appealed from an order denying his alternative motion for judgment notwithstanding the verdict, or for a new trial.

The facts in the case are as follows: One Ellis Kling was the owner of the land in question, an eighty-acre tract situated in Benton county. On January 1, 1897, he mortgaged the same to Amelia Olson to secure the payment of $350. Thereafter he conveyed sixty acres of the land to his son, A. F. Kling, who, as part of the purchase price, by the terms of the deed of conveyance, assumed and agreed to pay the mortgage debt. On the same day Kling deeded the remainder of the land, twenty acres, to his daughter, Harriett A. Kern. This transaction—the conveyance of the sixty acres to the son, twenty acres to the daughter, and the agreement of the son, as a part of the purchase price, to pay and discharge the mortgage—operated in law, as between these parties, to make the sixty acres the primary security for the mortgage debt, releasing, as between them, the twenty acres. Subsequently, A. F. Kling conveyed by warranty deed the sixty acres so conveyed to him to defendant Cooper; and Cooper, in turn, entered into an executory contract to sell and convey it to one Gerzema. Mrs. Kern died some time after the conveyance to her, leaving surviving her husband and five minor children, and, after her death, the husband, acting for himself and assuming to act as the guardian of the children, entered into an executory contract by which he agreed to convey the

twenty acres to defendant Cooper. By this contract and the deed from A. F. Kling, Cooper acquired the entire eighty-acre tract. The mortgage was not paid by A. F. Kling, as by the terms of the deed he had agreed to do, and the same was foreclosed on June 14, 1902. Louis E. Wakeman became the purchaser at the foreclosure sale, and the usual sheriff's certificate was issued to him and duly recorded. Wakeman subsequently made an assignment of the sheriff's certificate to defendant Cooper, but the assignment was not recorded.

Subsequent to the foreclosure and the assignment of the sheriff's certificate, Cooper brought an action against A. F. Kling to recover the amount paid on the foreclosure of the mortgage, basing his right of action upon the covenants in the deed to Kling, by which he assumed and agreed to pay the debt. Plaintiff recovered judgment in that action, and it was subsequently paid by Kling. Before the period of redemption expired, Kern executed and delivered to plaintiff in this action a mortgage to secure a past-due indebtedness of the sum of $17.20 upon the twenty acres owned by his deceased wife and belonging to her estate. Plaintiff thereafter, as a subsequent mortgagee of a part of the premises covered by the prior or Olson mortgage, attempted to redeem from its foreclosure, and for that purpose paid to the sheriff of the county the amount necessary to effect redemption, which defendant Cooper, who then held the sheriff's certificate and had succeeded to all the rights of the mortgagee, refused to accept. Plaintiff then brought this action in ejectment, claiming that by his redemption, though his mortgage covered but the twenty acres, he acquired title to the entire eighty, and he demanded judgment for the possession of the same. This claim of course is sound, if plaintiff was a good faith redemptioner.

The facts are a little complicated, but a careful examination of the record clarifies the controversy and leads to the conclusion that the trial court properly directed a verdict for defendant, on the ground that plaintiff was not a good faith redemptioner, and therefore his attempted redemption was ineffectual. As already stated, the transaction between the senior Kling and his son and daughter, by which he conveyed the property to them, the son assuming and agreeing to pay the existing mortgage, made the sixty-acre tract the primary

security for the payment of that debt. Defendant Cooper acquired the son's title to the land, and he occupied no better position with respect to the rights and liabilities of the parties, and his act, in paying to the purchaser at the mortgage sale the amount of the mortgage debt and taking to himself an assignment of the sheriff's certificate of foreclosure, operated as a payment and discharge of the mortgage. A. F. Kling, under the terms of the deed, was under obligation to pay and discharge that debt, and he could not have acquired an adverse title to the property through the foreclosure. Defendant Cooper occupied the same position. It is clear therefore that the assignment of the sheriff's certificate to him operated to discharge the lien of the mortgage.

This is not seriously controverted by counsel for plaintiff; but it is urged that plaintiff had no notice of the facts which give rise to this principle of law, that plaintiff had no notice of the terms of the deed to A. F. Kling, by which he agreed to pay the mortgage, that he had no notice of the fact that the sheriff's certificate of foreclosure had been assigned to defendant Cooper, and that in making redemption he was guided by the facts disclosed by the records in the office of the register of deeds, upon which he claims he had the right to rely.

The assignment of the sheriff's certificate, though made immediately after its execution, was not recorded in the office of the register of deeds, but remained in the possession of defendant Cooper. However, at the time of the redemption, Cooper was in possession of the twenty acres, and his vendee, Gerzema, was in possession of the sixty acres. The authorities are uniform that actual possession of real property is notice to all the world of the title and rights of the person so in possession, and also of all facts connected therewith which reasonable inquiry would have developed. The rule in this respect differs from the rule of constructive notice, arising from the record of instruments affecting the title to land; for there the record is notice only of what appears upon its face, and such additional facts as its language directs attention to. In such cases the purchaser may rely upon the state of the title as shown by the record, without further search or inquiry. Bailey v. Galpin, 40 Minn. 319, 41 N. W. 1054.

But possession is not only prima facie evidence of title, but also no-

·tice of whatever rights the possessor may have in the land, and imposes upon the purchaser, with notice of such possession, the duty of making .all reasonable inquiry concerning the state of the title. Essex v. Harrison, 57 N. J. Eq. 91, 40 Atl. 209; Joiner v. Duncan, 174 Ill. 252, .51 N. E. 323; Ambrose v. Huntington, 34 Ore. 484, 56 Pac. 513. If ·proper inquiry be made, and information concerning the rights of the _possessor be withheld or concealed possession will be notice only of the fact. 21 Am. & Eng. Enc. (2d Ed.) 588; Wade, Notice, § 286. Or, if a specific title be disclosed, further investigation is unnecessary. Thompson v. Lapsley, 90 Minn. 318, 96 N. W. 788.

Plaintiff in the case at bar knew, at the time of his attempted re- ·demption, of the possession of Cooper and Gerzema. This fact clearly appears from the evidence. He admitted when on the stand that he knew of Gerzema's possession of the sixty acres, and that he had pre- ·viously brought an action against Cooper to recover the twenty acres, which action was pending on a motion for a new trial at the time the ·redemption was made. This knowledge imposed upon him, within the rule above stated, the duty of making reasonable investigation con- ·cerning their rights, and he is chargeable with every fact which proper inquiry would have disclosed. Wilkins v. Bevier, 43 Minn. 213, 45 N. W. 157, 19 Am. St. 238; Wade, Notice, § 279. It is clear, from the record before us, that, had plaintiff made inquiry of defendants before ·making the redemption, he would have learned all the facts connected with the title; he would have obtained information of the action by ·Cooper against Kling to recover the mortgage debt, based upon Kling's ·covenant to pay it, and of the assignment of the sheriff's certificate of ·foreclosure to Cooper, which assignment, as we have already stated, ·operated to release and discharge the lien of the mortgage.

Of course, if any of these facts had been withheld, they would have ·no binding force against him; but, no inquiry having been made, we .are bound to assume that the facts would have been disclosed, had he applied to defendants, and, having failed to do so, he is chargeable ·with notice thereof as a matter of law, and was not therefore a good faith redemptioner. For this reason the trial court properly directed a verdict for defendant.

Order affirmed.