## M. N. OXBOROUGH v. MARY A. ST. MARTIN AND OTHERS.
## E. S. ST. MARTIN AND ANOTHER, APPELLANTS.[1]

February 14, 1919.

No. 21,062.

**Homestead — notice of unrecorded deed.**

1. An unrecorded deed of a homestead is valid as against a judgment creditor who had notice thereof before the land became subject to his judgment.

**Same — possession of tenant notice of wife's title.**

2. Where the title to a homestead is of record in the name of the husband, but has in fact been conveyed to the wife by unrecorded deeds, and the wife, her husband joining, leases it to a tenant who is in possession at the termination of the homestead right, such possession is notice of her title.

Action in ejectment in the district court for Hennepin county. The case was tried before Fish, J., who made findings and ordered judgment in favor of plaintiff. From an order denying their motions for a new trial, defendants took separate appeals. Reversed.

*Laybourn & Cary* and *Marshall A. Spooner,* for appellants.

*Charles J. Tryon* and *F. E. Reed,* for respondent.

TAYLOR, C.

This is an action in ejectment to recover the possession of 80 acres of land in Hennepin county and also the value of the use thereof from the eleventh day of May, 1915. A jury was waived and the court made findings of fact and conclusions of law and directed judgment in favor of plaintiff for the recovery of possession, and for the recovery from defendants Emanuel S. and Mary A. St. Martin of the value of the use of the premises from May 11, 1915. The defendants St. Martin took separate appeals from an order denying a new trial.

The appealing defendants are husband and wife. In 1877 defendant Emanuel became the record owner of the land. In 1908 he conveyed the

[1]Reported in 170 N. W. 707.

title to the land through a third party to defendant Mary, but the deeds effecting this transfer were not recorded until May 24, 1915. The St. Martins resided on the land as their homestead from 1878 until August 20, 1910, on which date they jointly executed a lease of the land to defendant Peterson for a term of five years and thereafter removed therefrom.

On March 4, 1909, a judgment was duly entered and docketed in the district court of Hennepin county in favor of George H. Oxborough and against defendant Emanuel S. St. Martin for the sum of $610, and on May 11, 1914, the land in controversy was sold under an execution issued upon this judgment to George H. Oxborough, the judgment creditor. No redemption was made from this sale, and after the time to redeem had expired George H. Oxborough conveyed the land by quitclaim deed to plaintiff, his brother, who held a prior judgment against defendant Emanuel. Plaintiff's title to the land rests upon this execution sale.

The unrecorded deeds vested title to the land in Mary A. St. Martin, except as against subsequent purchasers or incumbrancers who acquired rights in the land without notice of these deeds. If the judgment creditor was chargeable with notice of these unrecorded deeds before his judgment attached to the land, the deeds will take precedence over the judgment. Lamberton v. Merchants Nat. Bank of Winona, 24 Minn. 281; Dyer v. Thorstad, 35 Minn. 534, 29 N. W. 345; Baker v. Thompson, 36 Minn. 314, 31 N. W. 51; Wilkins v. Bevier, 43 Minn. 213, 45 N. W. 157, 19 Am. St. 238; Groff v. State Bank of Minneapolis, 50 Minn. 234, 52 N. W. 651, 36 Am. St. 640; Northwestern Land Co. v. Dewey, 58 Minn. 359, 59 N. W. 1085.

In the cases above cited the judgments attached to the land at the date of docketing, if at all, and the rights of the parties were determined as of that date, but in the present case the land was a homestead when the judgment was docketed and was exempt from the judgment while it remained a homestead. G. S. 1913, § 6957. Consequently the docketing of the judgment vested no right in the judgment creditor to appropriate the land to the payment of his judgment. If he ever acquired a vested interest in the land, such interest attached at the time the land ceased to be a homestead, and the rights of the parties are to be determined from the facts as they existed at the time the homestead right terminated.

Husband and wife may convey a homestead owned by either to whomsoever they choose free from any and all claims of creditors against either of them, with certain exceptions not here involved. G. S. 1913, § 6814. The title to the homestead in controversy, although of record in the name of the husband, Emanuel S. St. Martin, was in fact vested in the wife, Mary A. St. Martin, by unrecorded deeds. She leased the land to defendant Peterson for a term of five years, her husband joining with her in the lease. His signature was essential to give the lease validity. G. S. 1913, §§ 6813, 6961. When the homestead rights of the St. Martins terminated, Peterson was in possession of the land under this lease, and his rights therein were clearly superior and paramount to any and all rights under the judgment. His lease was not recorded and there was nothing of record to connect him with the record title. Consequently his possession was not referable to the record title and was notice not only of his rights in the land, but also of the rights of his lessor therein. Wilkins v. Bevier, 43 Minn. 213, 45 N. W. 157, 19 Am. St. 238; Northwestern Land Co. v. Dewey, 58 Minn. 359, 59 N. W. 1085; Ludowese v. Amidon, 124 Minn. 288, 144 N. W. 965; Niles v. Cooper, 98 Minn. 39, 107 N. W. 744, 13 L.R.A. (N.S.) 49.

Peterson being in possession, it was incumbent on both the judgment creditor and the subsequent purchaser to inquire of him as to his rights in the land and the title under which he claimed. Such inquiry would have disclosed that he was in possession as the tenant of Mary A. St. Martin. This information would have made it incumbent on them to inquire of her as to her title. Such inquiry would have disclosed the unrecorded deeds. As no inquiry was made, both plaintiff and the judgment creditor are chargeable with notice of the above facts. Niles v. Cooper, 98 Minn. 39, 107 N. W. 744, 13 L.R.A. (N.S.) 49; Ludowese v. Amidon, 124 Minn. 288, 144 N. W. 965.

Plaintiff argues that, as the lease was signed by both Emanuel S. and Mary A. St. Martin, an examination of it would not have disclosed that the title then of record in the name of Emanuel had been transferred from him to Mary. This is probably true. But the lease was not of record, and neither plaintiff nor the judgment creditor had any knowledge concerning it, or took any action in reliance upon it. Consequently, in the absence of any inquiry as to the title under which Peter-

son was in possession, we must assume that a proper inquiry would have disclosed the truth. Peterson knew that he leased from Mary A. St. Martin, and in the absence of evidence to the contrary we must take it for granted that he would have disclosed that fact had proper inquiry been made.

Order reversed.