# UNION INVESTMENT COMPANY v. ASHLEY J. ABELL AND ANOTHER.[1]

February 11, 1921.

No. 22,091.

**Attachment—bare legal title of vendor held in trust for vendee.**

1. Where a vendor has received the entire purchase price and has executed and delivered a deed under which the purchaser has taken possession of the property, but which is inoperative because the name of the grantee has not been inserted therein, the vendor retains no attachable interest in the property, but merely holds the bare legal title as trustee for the purchaser, and a creditor who has notice of the rights of the purchaser cannot acquire a lien on the property under a writ of attachment against the vendor.

**Possession of tenant notice to attaching creditor.**

2. The tenant of the vendor, having attorned to the purchaser before the attachment was levied, his possession was notice to the attaching creditor of the rights of the purchaser.

**Redemption from foreclosure of mortgage by attaching creditor void.**

3. The attaching creditor was not entitled to redeem from the foreclosure of a prior mortgage as a creditor having a lien, and his attempt to do so gave him no interest in the property, and his subsequent mortgage to plaintiff gave plaintiff no interest therein.

**Immaterial question.**

4. Whether the executory contract between the vendor and the purchaser could have been enforced is immaterial as it has been performed.

**Attachment — abandonment of proceeding.**

5. Where a creditor files a complaint and causes an attachment to be issued and levied on the real estate of a nonresident, but fails to serve the summons or take any further steps in the action, and a year and nine months later commences a new action against the same nonresident, on the same cause of action, and levies a new attachment on the same real estate, and prosecutes this action to judgment, he is deemed to have abandoned his first action and to have waived any lien under his first attachment.

[1]Reported in 181 N. W. 353.

Action in ejectment in the district court for Hennepin county and to recover $100 per month since February 13,1920, until restoration of the premises. The case was tried before Dickson, J., who made findings and directed judgment in favor of defendant Harris. From an order denying its motion for a new trial, plaintiff appealed. Affirmed.

*Jesse Van Valkenburg,* for appellant.

*Daniel W.* and *D. S. Doty,* for respondent.

TAYLOR, C.

This is an action in ejectment and involves the title to the property known as number 820 on Laurel avenue in the city of St. Paul. The trial court found that defendant Harris is the owner and entitled to the possession of the property, that plaintiff has no right, title or interest therein, and directed judgment in favor of defendant Harris. Plaintiff appeals from an order denying a new trial.

Prior to the transactions hereinafter mentioned, Emma L. Plunk was the owner of the property subject to two mortgages. She resided with her husband, Benjamin F. Plunk, in the state of Montana and rented the property to defendant Abell. On December 12, 1918, she and her husband entered into a written contract with one John J. Scott, by which Scott agreed to convey to them a farm in Montana, in consideration of which they agreed to pay Scott the sum of $3,000 and to convey to him the above mentioned property, subject to the mortgages thereon. This contract was fully performed by both parties, except that, at Scott's request, the name of the grantee was not inserted in the deed delivered to him for the property in controversy. On April 1, 1919, each party took possession of the property received from the other, and thereafter Abell became the tenant of Scott by agreement between them.

On October 26, 1918, the second mortgage was foreclosed and the property was sold thereunder to Helen A. Harris, the holder of the mortgage and a daughter of defendant Harris. On February 8, 1919, the first mortgage was foreclosed and the property was sold thereunder to the mortgagee, who assigned the certificate of foreclosure sale to defendant Harris before the expiration of the year for redemption.

On October 25, 1919, George W. Getts caused an attachment issued against the property of Emma L. Plunk and Benjamin F. Plunk to be

levied on this property. Claiming a lien under this attachment, he redeemed, or attempted to redeem, from the foreclosure of the second mortgage, and, on October 29, 1919, received the usual sheriff's certificate of redemption, but Helen A. Harris, the holder of the certificate of sale, refused to accept the redemption money. On December 19, 1919, Getts executed a mortgage on the property to plaintiff. On February 13, 1920, plaintiff, claiming a lien under this mortgage, redeemed, or attempted to redeem, from the foreclosure of the first mortgage, and received the usual sheriff's certificate of redemption, but defendant Harris, the holder of the certificate of sale, refused to accept the redemption money.

Plaintiff states that the questions presented are: (1) Did Emma Plunk have an attachable interest in the property when the attachment was levied on October 25, 1919? (2) Did the attachment give Getts the right to redeem from the foreclosure of the second mortgage? (3) If Emma Plunk in fact had no attachable interest in the property, did Getts, by his attachment, acquire an interest therein under the registry laws which gave him the right to redeem? We answer each of these questions in the negative.

At the time the attachment was levied, the title to the property stood of record in the name of Mrs. Plunk. But in fact she had sold the property and had received the full purchase price for it, and the purchaser was in possession by his tenant, Abell. She had also executed a warranty deed and delivered it to the purchaser for the purpose of conveying the title to him, but this deed was ineffective, for the reason that it did not contain the name of the grantee. While the purchaser had implied authority to insert the name of the grantee and thus make the deed operative, he had not done so, and consequently the legal title still remained in her. Board of Education v. Hughes, 118 Minn. 404, 136 N. W. 1095, 41 L.R.A.(N.S.) 637; Werntz v. Bolen, 135 Minn. 449, 161 N. W. 155; Schauble v. Hedding, 138 Minn. 187, 164 N. W 808.

She had no beneficial interest in the property, however, but merely held the bare legal title as trustee for the purchaser. Where a vendor who retains the legal title no longer has any beneficial interest in the property, his creditors can acquire no lien thereon, unless by virtue of the registry laws. Minneapolis & St. L. Ry. Co. v. Wilson, 25 Minn.

382; Welles v. Baldwin, 28 Minn. 408, 10 N. W. 427; Baker v. Thompson, 36 Minn. 314, 31 N. W. 51; Berryhill v. Potter, 42 Minn. 279, 44 N. W. 251; Fleming v. Wilson, 92 Minn. 303, 100 N. W. 4. The case last cited is much like the case at bar. There two landowners agreed to exchange tracts of land. The deeds of conveyance were not executed, but each took possession of the tract to be conveyed to him by the other. The two tracts were treated as of equal value so that no part of the purchase price remained unpaid. It was held that a subsequent judgment against one of the parties did not attach as a lien to the tract which he had agreed to convey to the other.

Under the decisions above cited, it is clear that Mrs. Plunk had no attachable interest in the property at the time Getts attempted to levy his attachment, and consequently that he acquired no lien thereon, unless the facts brought him within the provisions of the registry laws.

Although the title to the property stood of record in the name of Mrs. Plunk, Getts could acquire no lien thereon under the registry laws, if he had notice of the rights of the purchaser at the time he levied his attachment. The purchaser was in possession by his tenant. It is settled in this state, in accordance with the weight of authority, that such possession operated as full notice of his rights both to creditors of the vendor and to subsequent purchasers. Wilkins v. Bevier, 43 Minn. 213, 45 N. W. 157, 19 Am. St. 238; Wolf v. Zabel, 44 Minn. 90, 46 N. W. 81; Northwestern Land Co. v. Dewey, 58 Minn. 359, 59 N. W. 1085; Thompson v. Borg, 90 Minn. 209, 95 N. W. 896; Ludowese v. Amidon, 124 Minn. 288, 144 N. W. 965; Oxborough v. St. Martin, 142 Minn. 34, 170 N. W. 707. The tenant had been the tenant of Mrs. Plunk. He remained in possession and became the tenant of the purchaser, Scott. Plaintiff invokes the rule, which obtains in some jurisdictions, that where the tenant of the vendor continues in possession as tenant of the purchaser, such possession does not operate as notice of the rights of the purchaser for the reason that there has been no visible change in the occupancy. But this state has adopted the rule that, where the tenant of the vendor attorns to the vendee, his possession thereafter operates as notice of the rights of the vendee to all parties subsequently dealing with the property. Wilkins v. Bevier, 43 Minn. 213, 45 N. W. 157; Ludowese v. Amidon, 124 Minn. 288, 144 N. W. 965. The same

rule is applied in other jurisdictions. Hannan v. Seidentopf, 113 Iowa, 658, 86 N. W. 44; Collins v. Moore & Culver, 115 Ga. 327, 41 S. E. 609; Duff v. McDonough, 155 Pa. 10, 25 Atl. 608; Wood v. Price, 79 N. J. Eq. 620, 81 Atl. 983, 38 L.R.A.(N.S.) 772, Ann. Cas. 1913A, 1210. It follows that Getts was chargeable with notice that Mrs. Plunk had parted with all beneficial interest in the property. Consequently he acquired no lien thereon under his attachment, and was not entitled to redeem from the sale under the second mortgage. His attempted redemption gave him no interest in the property, and he could convey none to plaintiff. As plaintiff's claim was based solely on the mortgage executed by Getts, plaintiff was not a creditor having a lien, and its attempted redemption from the sale under the first mortgage was of no effect.

Plaintiff challenges the validity of the written contract between Scott and the Plunks, on the ground that the description of the property was defective and that the registry tax had not been paid. Whether this executory contract could or could not have been enforced is of no consequence in this action, for the entire purchase price had been paid, and a deed had been executed and delivered which the purchaser had authority to complete, and he had taken possession of the property thereunder several months before Getts attempted to levy his attachment.

A month or more after this appeal had been argued and submitted, and after the foregoing opinion had been prepared, although it had not been filed, plaintiff asked to amend its assignments of error and its brief so as to present the claim that Getts was entitled to make his redemption under an attachment which he had caused to be levied on the property in January, 1918.

In January, 1918, Getts filed a complaint in an action against Emma L. Plunk and her husband, which action was designated as case number 163,091 in the records of the court, and, on an affidavit that the defendants were not residents of the state, he procured the issuance of a writ of attachment under which he caused a levy to be made on the property in controversy on January 18, 1918. No further proceedings were ever taken in this action; the summons was never served in any manner, and the court never acquired jurisdiction to proceed therein. The attachment lien was contingent upon the success of the action and would lapse

unless the summons was duly served and the action prosecuted to judgment. On October 25, 1919, Getts commenced another action in the same court, against the same parties, and on the same cause of action, which second action was designated as case number 175,697 in the records of the court, and on an affidavit that the defendants were not residents of the state procured the issuance and levy of the attachment which we have previously considered. Although in its appeal plaintiff, in effect, conceded that Getts acquired no rights under the attachment of January, 1918, plaintiff now claims that under the doctrine of Wagner v. Farmers Co-operative Exchange Co. 147 Minn. 376, 180 N. W. 231, Getts had a lien under that attachment which entitled him to make the redemption in controversy.

We think that plaintiff was correct when it assumed that the lien of the first attachment had lapsed before Getts attempted to make the redemption. While, as held in the Wagner case, the statute fixed no specific time within which Getts was required to make service of the summons after levying his attachment, he could not wait indefinitely, but was required to proceed with reasonable diligence and to effect service of the summons within a reasonable time, under the circumstances, otherwise his lien lapsed. Cummings v. Tabor, 61 Wis. 185, 21 N. W. 72; Barth v. Loeffelholtz, 108 Wis. 562, 84 N. W. 846; McCormick v. Robinson, 139 Minn. 483, 167 N. W. 271. While not directly in point see Crombie v. Little, 47 Minn. 581, 50 N. W. 823; Leigh v. Green, 62 Neb. 344, 86 N. W. 1093, 89 Am. St. 751, and note in 47 L.R.A. (N.S.) 499. Getts delayed for a year and nine months, and then, evidently taking it for granted that his lien had lapsed, commenced a new action in the same manner, on the same cause of action, and against the same parties, which he prosecuted to judgment. We think that his delay and subsequent conduct conclusively show an abandonment of the first action and a waiver of any claim under the first attachment.

The fact that we have considered the merits of the question sought to be raised by the suggested amendments, is not to be taken as a precedent, nor as determining that additional questions may be presented at this stage of the proceedings and in this informal manner.

The order appealed from is affirmed.