**In re FORBROOK CONSTRUCTION, INC., a/k/a Forbrook Construction, Forbrook Construction Co., and Forbrook Construction Company, Bankrupt.**

**Patrick J. GALLAGHER, Trustee, Plaintiff,**

v.

**Steven C. BERG and Mary P. Berg, Kenneth Hansen, and J & F Enterprises, Inc., Defendants.**

**No. CIV. 3–79–116.**

United States District Court, D. Minnesota.

Aug. 3, 1979.

Patrick J. Gallagher, St. Paul, Minn., for plaintiff.

John J. McBrien, Farmington, Minn., for defendant Kenneth Hansen.

## MEMORANDUM AND ORDER

MacLAUGHLIN, District Judge.

This is an appeal by defendant Kenneth Hansen from an order and judgment of the bankruptcy court which found that an assignment of the vendor's interest in two contracts for deed, dated April 22, 1977, from the bankrupt to Kenneth Hansen, which went unrecorded until after Forbrook Construction, Inc. was adjudicated a bankrupt, was void and of no effect against the trustee by virtue of Section 60(a) of the Bankruptcy Act. In effect, the bankruptcy court found that under state law the trustee could not be charged with constructive notice of Hansen's interest, and that the transfer of the vendor's interest in the contracts for deed, being unperfected, was therefore deemed to have been made within four months of bankruptcy pursuant to Section 60(a)(2) [1] of the Bankruptcy Act. Thus, the bankruptcy court concluded that all the elements of a voidable preference under Section 60(a) were present. This Court has determined that the order and judgment of the bankruptcy court should be reversed.

The parties have stipulated to the facts in this matter. This stipulation, hereby adopted by the Court, provides as follows:

1. Prior to the dates hereinafter referred to Kenneth Hansen, who has been in business and residing at Farmington, Minnesota for the past 38 years, owned the land described as the North 120 feet of the South Half of the Southwest Quarter of Section 31, Township 114, Range

---

1. Section 60(a)(2) of the Bankruptcy Act provides in part:

A transfer of real property shall be deemed to have been made or suffered when it became so far perfected that no subsequent bona fide purchase from the debtor could create rights in such property superior to the rights of the transferee. If any transfer of real property is not so perfected against a bona fide purchase, or if any transfer of other property is not so perfected against such liens by legal or equitable proceedings prior to the filing of a petition initiating a proceeding under this Act [this title], it shall be deemed to have been made immediately before the filing of the petition.

11 U.S.C. § 96(a)(2).

19, Dakota County, Minnesota, lying East of the right of way of the Chicago, Milwaukee, St. Paul & Pacific Railroad Company and had owned the same since June 30, 1964.

2. Forbrook Construction, Inc., the bankrupt in these proceedings, built two duplexes on said property, such construction taking place in 1975 or 1976.

3. May 12, 1975, Forbrook Construction, Inc. executed its promissory note to Kenneth Hansen for $10,000.00 with interest at 8%, as consideration for said real estate, which was transferred to Forbrook Construction, Inc. in order to enable the company to mortgage the duplexes to First Federal Savings & Loan of Albert Lea which was done by two mortgages, each dated May 27, 1975.

4. The actual deed of conveyance from Hansen to Forbrook Construction, Inc. was executed May 23, 1975, and recorded on or about that date.

5. The property described in paragraph 1 above was divided into two parcels, one for each duplex, and both parcels were sold to Steven C. Berg and Mary P. Berg, husband and wife, as joint tenants as evidenced by two contracts for deed (one on each parcel) dated February 9, 1977. The contracts were not recorded at that time.

6. From the date of the contracts—February 9, 1977—rents from the premises were paid to Bergs.

7. On April 22, 1977, Forbrook Construction, Inc. acknowledged its indebtedness to Kenneth Hansen for said lots in the then amount of $11,333.33 and assigned the vendor's interest in each of said contracts to Hansen subject to the first mortgages to First Federal with the proviso that the monthly contract payments be paid to J & F Enterprises, Inc. (Delma Jennorich) for the purpose of making the monthly mortgage payments to First Federal and paying the balance of $90.00 per month to Kenneth Hansen in payment of his indebtedness—subject to a monthly service charge of $20.00 to be retained by J & F Enterprises as a service charge for servicing said contracts.

8. Sometime between April 22 and June 1, 1977, Bergs were orally directed that payments on the Contracts for Deed were thereafter to be paid to J & F Enterprises, Inc. Said instructions being passed on to Bergs by a phone call from Delma Jennorich, speaking for Forbrook Construction, Inc.

9. Such was the situation on November 21, 1977 when Forbrook Construction, Inc. was adjudicated a bankrupt.

10. At the time of the commencement of the bankruptcy an inquiry of the tenants in the two duplexes, had such an inquiry been made, would have revealed that they were tenants under Berg. Had inquiry then been made of Bergs, such inquiry would have revealed that they had contracts for deed from Forbrook Construction, Inc. and that they were making their payments under the contracts to J & F Enterprises (Delma Jennorich) pursuant to an oral direction to do so, and that they had been doing so since June of 1977. Had inquiry then been made of J & F Enterprises, such inquiry would have revealed the assignments to Kenneth Hansen.

11. Each of the contracts for deed between Forbrook Construction, Inc. and Bergs were recorded January 6, 1978, subsequent to the adjudication of bankruptcy.

12. The assignment from Forbrook Construction, Inc. to Hansen was by law and by practice of the County Recorder within and for Dakota County, Minnesota, not recordable until the contracts for deed thereby assigned had been recorded.

13. The assignment to Hansen bearing the date of April 22, 1977, referred to in paragraph 6 above was not recorded until March 7, 1978, subsequent to the adjudication of bankruptcy herein.

14. At no time since his appointment as Trustee has the Trustee in Bankruptcy made any inquiry of the tenants in possession of any part of the property as to the true state of affairs with respect to

the ownership of the property or Kenneth Hansen's interest therein; nor was any effort made to acquire from the tenants the knowledge such inquiry would have revealed.

Under Section 60(a) of the Act, a preferential transfer exists when a debtor transfers property to a creditor for or on account of an antecedent debt made while the debtor is insolvent and within four months of bankruptcy, the effect of which allows the transferee to obtain a greater percentage of his debt from the estate of the bankrupt than other creditors. Although the unrecorded assignment from Forbrook to Hansen was made about six months before Forbrook's adjudication as a bankrupt, Section 60(a)(2) provides that a transfer is deemed to "have been made immediately before the filing of the petition" and thus within four months unless "it became so far perfected that no subsequent bona fide purchase from the debtor could create rights in such property superior to the rights of the transferee." 11 U.S.C. § 96(a)(2).

In determining whether the transferee's rights were perfected against subsequent bona fide purchasers or the like, reference must be made to state law. *Corn Exchange National Bank v. Klauder,* 318 U.S. 434, 63 S.Ct. 679, 87 L.Ed. 884 (1943). The central issue here is whether Hansen's interest, acquired by assignment which went unrecorded until after the bankruptcy of the assignor, is perfected under Minnesota law to the extent that Hansen would prevail over a subsequent purchaser in good faith or the equivalent thereof under state law, and thus the trustee. If the interest of Hansen is not perfected under state law against a

subsequent bona fide purchaser, then Section 60(a)(2) requires that the transfer here be treated as having occurred within four months of bankruptcy, and a voidable preference under Section 60 would be established.[2] The resolution of whether Hansen's interest is perfected against the trustee is dependent on whether under Minnesota law, specifically Minn.St. § 507.34,[3] the trustee has constructive notice of Hansen's interest by virtue of the trustee's imputed knowledge that the property which was the subject of the assigned vendor's interest in the contracts for deed was in the possession of tenants.

■ Section 507.34 of the Minnesota Statutes in effect provides that an unrecorded conveyance of an interest in real estate is void against a subsequent purchaser or a judgment creditor who acts in good faith. In interpreting this provision, the Minnesota Supreme Court has required that the subsequent purchaser or judgment creditor act without notice, actual or constructive, of the unrecorded conveyance in order to prevail over an interest created by a prior unrecorded conveyance. *Republic National Life Ins. Co. v. Marquette Bank,* 251 N.W.2d 120 (Minn.1977); *Henschke v. Christian,* 228 Minn. 142, 36 N.W.2d 547 (1949); *Bergstrom v. Johnson,* 111 Minn. 247, 126 N.W. 899 (1910). It is well settled that a subsequent purchaser or creditor in Minnesota has a duty to inquire about prior conveyances when the property in question is in the possession of tenants. *Oxborough v. St. Martin,* 142 Minn. 34, 170 N.W. 707 (1919); *Northwestern Land Co. v. Dewey,* 58 Minn. 359, 59 N.W. 1085 (1894); *Wilkins*

2. The presence of the other requisite elements of a voidable preference under Section 60 have not been argued or apparently contested by defendant Hansen.

3. Minn.St. § 507.34 provides:
   Every conveyance of real estate shall be recorded in the office of the county recorder of the county where such real estate is situated; and every such conveyance not so recorded shall be void as against any subsequent purchaser in good faith and for a valuable consideration of the same real estate, or any part thereof, whose conveyance is first

duly recorded, and as against any attachment levied thereon or any judgment lawfully obtained at the suit of any party against the person in whose name the title to such land appears of record prior to the recording of such conveyance. The fact that such first recorded conveyance is in the form, or contains the terms of a deed of quitclaim and release shall not affect the question of good faith of such subsequent purchaser or be of itself notice to him of any unrecorded conveyance of the same real estate or any part thereof.

*v. Bevier*, 43 Minn. 213, 45 N.W. 157 (1890). This duty not only extends to inquiries of the tenant, but encompasses an obligation to ascertain the specifics of the landlord's interest as well. *Oxborough v. St. Martin*, 142 Minn. 34, 170 N.W. 707 (1919); *Wilkins v. Bevier*, 43 Minn. 213, 45 N.W 157 (1890). Moreover, the Minnesota Supreme Court has stated that a subsequent purchaser or judgment creditor is not entitled to the protection of Minn.St. § 507.34 if the purchaser or creditor "had knowledge of facts which ought to have put him on an inquiry that would have led to a knowledge of such conveyance." *Henschke v. Christian*, 228 Minn. 142, 146–147, 36 N.W.2d 547, 550 (1949).

The status of the trustee here is equivalent to the rights of the hypothetical subsequent purchaser or judgment creditor under Minn.St. § 507.34, and the extent of his knowledge should be measured as of the time Forbrook was adjudicated a bankrupt. *Corn Exchange National Bank v. Klauder*, 318 U.S. 434, 63 S.Ct. 679, 87 L.Ed. 884 (1943); *In re Beedle-Whiton Company*, 132 F.Supp. 558 (D.Minn.1955). In the instant proceeding, the parties stipulated that in the event the trustee had inquired of the tenants, he would have been informed that they leased the duplexes from the Bergs. More importantly, according to the stipulation, the trustee, had he inquired of the Bergs, would have been informed that the Bergs were vendees under contracts for deed from the bankrupt *and* that they made their payments under the contracts to J & F Enterprises, Inc. [hereinafter J & F Enterprises]. The contracts for deed between Forbrook and the Bergs were not recorded at the time of Forbrook's bankruptcy. Thus, the trustee, if he had inquired, would have learned that the property in question was purportedly held by the Bergs under contracts for deed from Forbrook, which were not of record, and that payments by the Bergs were made to J & F Enterprises, itself an entity not identifiable through the record title. According to the stipulation, if the trustee, upon learning this pertinent information, had inquired of J & F Enterprises, he would have been informed of the unrecorded assignment of the vendor's interest in the contracts for deed to Hansen.

■ Under Minnesota law, the trustee here is charged with constructive notice of what knowledge would ordinarily and naturally be obtained concerning the interests of a tenant and the person from whom the tenant leases, had the trustee made inquiry. *Northwestern Land Co. v. Dewey*, 58 Minn. 359, 59 N.W. 1085 (1894); *Wilkins v. Bevier*, 43 Minn. 213, 45 N.W. 157 (1890). It is also settled that the trustee had a duty to make an inquiry of the Bergs, their being landlords, to ascertain the nature of their title. *Oxborough v. St. Martin*, 142 Minn. 34, 170 N.W. 707, 708 (1919); *Northwestern Land Co. v. Dewey*, 58 Minn. 359, 59 N.W. 1085 (1894). The parties have stipulated that the ordinary and natural responses of the Bergs, had inquiry been made, would have revealed that they made payments under the contracts to J & F Enterprises. In light of the fact that the conveyance to the Bergs was not of record, and that such an intriguing response would have been made by the Bergs, it clearly devolved upon the trustee to make inquiry of J & F Enterprises under Minnesota law. Such an inquiry would have revealed the nature of Hansen's interest, and therefore the trustee is charged with constructive notice of Hansen's interest.

As the trustee in bankruptcy here has constructive notice of Hansen's interest, that interest is sufficiently perfected to render Section 60(a)(2) inoperative, and the transfer of the vendor's interest in the contracts for deed cannot be considered as being made "immediately before the filing of the petition" under Section 60(a)(2). Therefore, no voidable preference under Section 60(a) is present. Consequently, the assignment of the vendor's interest in the contracts for deed is not void against the trustee in bankruptcy.

Accordingly, IT IS HEREBY ORDERED that the judgment and order of the bankruptcy court be and hereby is reversed.