MINNEAPOLIS & ST. LOUIS RAILWAY COMPANY *vs.* EUGENE M.
WILSON.

January 10, 1879.

Obligor in bond for deed—Lien of judgment.—Where the owner of land exe-
cutes a bond for the conveyance of the same, he continues to be legal
owner of the same, as long as any part of the purchase-money condi-
tioned in the bond remains unpaid ; and his interest therein—which is
the fee, subject to the equitable right of the obligee—is bound by the
lien of a judgment duly docketed against him, in the county where the
land is situate.

Appeal by plaintiff from an order of the district court for
Hennepin county, *Young* J., presiding, sustaining a demurrer
to the complaint.

*Atwater & Webster*, for appellant.

*Wilson & Lawrence*, for respondent.

BERRY, J. Baldwin, being owner in fee of an undivided
third of certain lands in Hennepin county, executed a bond,
on January 8, 1878, conditioned for the conveyance of the
same to Welles upon his (Baldwin's) being paid $2,500, and
interest, on or before five years from said date. The bond
contained apt words binding Welles to make the payments
mentioned, and was executed by him as well as by Baldwin.
On February 4, 1878, in the district court for Hennepin
county, one Thompson recovered and docketed a judgment
against Baldwin ; and upon an execution issued thereon, said
undivided third was, on March 30th following, sold to the
defendant, who received a proper certificate of sale, which,
together with the notice of sale and the printer's affidavit
of its publication, was duly recorded. Welles assigned the
bond to the plaintiff. No part of the purchase price speci-
fied in the bond has been paid. The plaintiff alleges that
the record of the certificate and notice of sale are a cloud
upon its title, and brings this action to remove the same.

Upon the docketing of Thompson's judgment it became a lien

upon all the real property in the county owned by Baldwin. Though Welles, the vendee, through the execution of the bond, acquired an equitable right in the lands bonded—a right which the law recognizes and will protect—the legal title of the property, and the legal ownership of the same, remained in Baldwin, the vendor. So long as the whole or any part of the purchase-money conditioned in the bond to be paid remained unpaid, Baldwin continued to be the legal owner of the lands, and his interest therein—which was the fee, subject to the equitable right of Welles—was therefore bound by the lien of the judgment. It was therefore subject to sale to satisfy the judgment, and the purchaser at the sale succeeded to the rights of the judgment debtor, and to no other. Freeman on Judgments, § 363; *McMullen* v. *Wenner*, 16 Serg. & Rawle, 18; *Ware* v. *Jackson*, 19 Ga. 452.

It follows, in the case at bar, that the defendant, by his purchase at the execution sale, acquired Baldwin's interest in the lands in question, subject to the redemption given by the statute. His claim of such lands, under his purchase, and under the certificate and notice of sale, and the record thereof, is therefore a substantial claim of right, and not a cloud upon any right or title which the plaintiff may have.

Order affirmed.