STATE OF MINNESOTA *ex rel.* Lyman D. Baird *vs.* P. T. McINTYRE.

## January 10, 1879.

Jailor—Appointment, Removal and Compensation.—The statute intends that a jailor shall be a deputy of the sheriff. The sheriff has the exclusive power of appointing a deputy to act as jailor, though such appointment is not effectual and complete until approved by the judge of the district court for the county. Such jailor can be removed by the sheriff only.

**Same—Powers of District Judge.**—Laws 1873, *c.* 43, § 2, authorizing the judge of the district court for each county to determine from time to time the compensation that shall be allowed for the services of a jailor, does not authorize such judge to determine that such jailor shall receive no compensation at all; and an order so determining is void.

Alternative writ of mandamus from this court, directed to the respondent as county auditor of Mower county, to enforce the relator's claim to compensation as jailor in that county. The cause was, by stipulation, submitted upon the writ and answer, and an agreed statement of facts, in substance as follows:

On April 8, 1878, the sheriff of Mower county, by an instrument under his hand and seal, duly appointed the relator jailor of the jail of that county. On April 15, 1878, on the application of the sheriff, this appointment was approved and confirmed by an order duly made by *Brill,* J., who was duly acting as judge of the district court for that county, by which order the compensation to be paid to relator for services to be rendered by him as such jailor was fixed at the rate of two dollars per day. This order was duly promulgated, and soon afterwards was duly filed, with the instrument of appointment, in the office of the county auditor, where it has since remained. The relator forthwith entered upon the performance of his duties as jailor, and has ever since faithfully continued to perform them; and his appointment has never been revoked by the sheriff.

On July 25, 1878, *Page,* J., judge of the district court for the tenth district, including Mower county, made and promulgated an order revoking all orders theretofore made approving the appointment of the relator as county jailor, and revoking and cancelling all orders theretofore made fixing the compensation to be paid to such jailor, and directing that no compensation should be paid by the county to any jailor until further orders. On the same day, the order was filed in the office of the clerk of the court for Mower county, and a certified copy filed in the office of the county auditor. "The said

order was made and filed by the judge, without any application to him to act upon the subject-matter thereof having first been made by the sheriff or the relator, and without any notice that the judge contemplated acting on such subject-matters having first been given to the sheriff or to the relator, and without opportunity to be heard upon such subject-matters having been first granted to the sheriff or to the relator." In obedience to this order, the respondent, though duly requested by the relator so to do, has refused to issue to him a warrant upon the county treasurer for any part of the compensation claimed by him for his services as jailor from July 25, 1878, to the date of the issuing of the alternative writ, on October 18, 1878.

*Gilman & Clough*, for relator.

*Lafayette French*, for respondent.

BERRY, J. Gen. St. *c*. 120, contains the following provisions, viz.: "§ 2. The sheriff of the county, by himself or deputy, shall keep the jail and be responsible for the manner in which the same is kept." "§ 5. All sheriffs and jailors to whom any person is sent or committed by virtue of 'any legal process issued by or under the authority of the United States, shall be and they are required to receive such person into custody, and to keep him safely until discharged by due course of law; and all such sheriffs and jailors offending in the premises shall be liable," etc. "§ 18. All instruments of every kind * * * by which a prisoner is committed or liberated * * shall be * * safely kept in a suitable box by such sheriff, or by his deputy acting as a jailor." From these provisions of statute, (and there are others in the same chapter of a like tendency,) it is apparent that it was intended by the legislature that a jailor should be a deputy of the sheriff. Gen. St. *c*. 8, § 178, enacts that "Every sheriff shall appoint, under his hand and seal, a sufficient number of persons as deputy sheriffs, for whose acts he shall be responsible, and whom he may remove at pleasure." The effect of this is

to vest sheriffs with the exclusive power of appointing and removing deputy sheriffs, including jailors as such deputies.

In this state of the law, an act was passed in 1873, (Laws, 1873, c. 43; Gen. St. 1878, c. 8, § 209,) which provides, in section 2, that "the judge of the district court for each county shall also determine, from time to time, the compensation that shall be allowed for the service of a jailor or turnkey in the county jail, which compensation shall be paid monthly out of the county treasury, upon the warrant of the county auditor; such jailor or turnkey to be appointed by the sheriff of such county, subject to the approval of the judge." The effect of this is that the appointment by a sheriff of a deputy to act as jailor is not effectual and complete until it is approved by the judge of the district court for the county; but otherwise the sheriff's exclusive right, under the pre-existing statutes, to appoint a deputy to act as jailor, and to remove him at pleasure, is not disturbed or in anywise affected. His right to appoint is changed, in effect, to a right to nominate; but his exclusive right to remove at his own sovereign will and pleasure remains wholly unchanged. When a person has been duly appointed by a sheriff his deputy, to act as jailor, and the appointment has been approved by the judge, and he has duly qualified, he is in office as jailor *de jure* and *de facto*. He can be removed by the sheriff only. If the compensation which he is to be allowed for his services as jailor has been determined by the judge of the district court for the county, the act of 1873 authorizes such judge, from time to time, to redetermine the same—that is to say, to increase or diminish it. But it does not authorize him to deprive the jailor of all compensation, by determining that he shall not receive any compensation at all. Such a determination is wholly unauthorized and void, and therefore it does not affect the determination previously made, but the same remains in force, and, until it is properly changed, continues to fix the compensation to which the jailor is entitled.

From these views, it follows that the orders of Judge Page

removing the relator from the place of jailor, and determining that he should be entitled to no compensation for his services as jailor, were void, and that, notwithstanding the same, the relator is entitled to the compensation previously fixed, and, upon proper showing and demand, to a warrant from the county auditor upon the county treasury for the amount due him as such compensation. Let a peremptory mandamus issue accordingly.