HENRY T. WELLES *vs.* RUFUS J. BALDWIN and others.

November 11, 1881.

**Bond for Deed—Lien of Judgment on Interest of Obligor.**—*Held,* (following *Minneapolis & St. Louis Ry. Co.* v. *Wilson,* 25 Minn. 382,) that when the owner of land executes a bond for the conveyance of the same, he continues to be the legal owner of the land so long as any part of the purchase-money conditioned in the bond remains unpaid; and his interest therein—which is the fee, subject to the equitable right of the obligee—is bound by the lien of a judgment, duly docketed against him in the county where the land is situate, and that such interest is subject to sale on execution.

**Same—Unrecorded Assignment by Obligor Void against Docketed Judgment.**—*Also held,* that under Gen. St. 1878, c. 40, § 21, an attaching or judgment creditor being placed on the same footing as a purchaser, a prior unrecorded assignment or transfer, by the obligor, of his interest in the bond, or the land therein described, will be void as against a judgment duly docketed in the county where the land is situate, the judgment creditor having no notice of such unrecorded assignment or transfer at the time of docketing his judgment.

Appeal by defendant Baldwin from an order of the district court for Hennepin county, refusing a new trial, after a trial before *Young,* J., without a jury.

*Hale & Pond,* for appellant.

*Wilson & Lawrence,* for respondent Wilson.

*Lochren, McNair & Gilfillan,* for plaintiff.

MITCHELL, J. This appeal is taken by Rufus J. Baldwin and by Rufus J. Baldwin, trustee. The principal controversy in the case is between the appellant and his co-defendant, Wilson. The facts, as found by the court below, so far as here material, are as follows: Baldwin, being the owner of the land in question, on the 7th of January, 1878, sold the same by executory contract to Welles. The condition of the contract or bond was that he would convey to Welles upon being paid $2,500 and interest on or before five years. This contract was also executed by Welles, and contained an express contract on his part to pay that sum for the property. Welles went into possession of the property under the contract, which was recorded on the 8th of January, 1878. On the same day on which this contract was executed, Baldwin, in writing, assumed to sell and assign said bond, and all his right, title, and interest therein, to himself, as trustee of the last will and testament of William Mygatt, deceased. This assignment was never recorded. No part of the purchase-money has ever been paid by Welles, except $125 interest, paid July 12, 1878. On February 4, 1878, one N. R. Thompson recovered a judgment against Baldwin, in the district court of Hennepin county, which was docketed on the same day. Execution was issued thereon, and levied upon the land in question, and the property sold on the 30th of March, 1878, at public sale, the defendant Wilson becoming

the purchaser. The property was never redeemed. It does not appear whether the sheriff's certificate of sale to Wilson was ever recorded. At the time of his purchase, Wilson had no notice of the assignment of Baldwin's interest in the bond, and there is no evidence that Thompson had any notice of such assignment either at the time he obtained and docketed his judgment, or at the time of the sale of the property on execution. Welles being desirous of paying the purchase-money and obtaining his deed, and the money being claimed by both Wilson and Baldwin, trustee, he brings this action to obtain a conveyance of the land, and to have it determined whether the money should be paid to Wilson or Baldwin, trustee. The court below having decided in favor of Wilson, Baldwin now appeals.

The first point made by appellant is that, upon the facts found, Baldwin, even if he had not assigned his interest in the bond, had no interest in the land subject to sale on execution, and hence Wilson acquired no interest in the property or right to the unpaid purchase-money under his purchase at execution sale. This court has aleady decided, in a case arising out of the same matter, that where the owner of land executes a bond for a conveyance of the same, he continues to be the legal owner of the land so long as any part of the purchase-money conditioned in the bond remains unpaid; and his interest therein—which is the fee, subject to the equitable right of the obligee—is bound by the lien of a judgment duly docketed against him in the county where the land is situate; and that Wilson, by his purchase at the execution sale, acquired Baldwin's interest in the lands in question, subject to the redemption given by statute. *Minneapolis & St. Louis Ry. Co.* v. *Wilson*, 25 Minn. 382. This case cited is decisive of the point that Baldwin had such an interest in the land (leaving the alleged assignment of the bond out of view) as could be sold on execution, and that the purchaser at the sale would be entitled to the unpaid purchase-money from Welles. The interest which would pass by such sale is governed by the amount of purchase-money remaining unpaid. In other words, the purchaser at such a sale would be entitled to the same rights as the vendor in the contract had, and would be compelled to make a conveyance to the

vendee upon precisely the same terms upon which the vendor could have been compelled to convey.

The further contention of appellant is that even if Baldwin, but for the assignment of the bond referred to, would have had an interest in the land that might be sold on execution, yet the assignment gave to his assignee the right to the purchase-money, and placed him in the same position as if the vendee, Welles, had paid the whole purchase-money; that Baldwin thereafter held merely the naked legal title, and therefore had no interest in the land liable to sale on execution. Counsel on both sides have discussed at length the question as to the validity of the assignment from Baldwin to himself as trustee of the Mygatt estate. Under the view we take of the case, it becomes wholly unnecessary to decide whether that assignment is valid, void, or voidable. Even if it be assumed that it was valid, the case must be decided adversely to the appellant upon another ground. The argument of appellant leaves entirely out of sight the effect of the statute regarding the registry of instruments affecting the title to real property. Gen. St. 1878, *c.* 40, § 21, provides that "every conveyance by deed, mortgage, or otherwise, of real estate * * * shall be recorded in the office of the register of deeds of the county where such real estate is situated; and every such conveyance not so recorded shall be void as against any subsequent purchaser in good faith and for a valuable consideration of the same real estate, or any part thereof, whose conveyance * * * is first duly recorded; or as against any attachment levied thereon, or any judgment lawfully obtained, at the suit of any party, against the person in whose name the title to such land appears of record, prior to the recording of such conveyance." This statute places an attaching or judgment creditor in the same position as a purchaser, as against an unrecorded conveyance. Assuming, therefore, that the assignment of this bond by Baldwin to himself, as trustee, was valid, and that as between the parties it would operate to transfer all his interest in the land and the unpaid purchase-money, yet, not having been recorded, and it not appearing that Thompson had any notice of it, it would be void as against his judgment.

The fact that it does not appear that Wilson's certificate of sale has been recorded is in this case immaterial. By the purchase at the execution sale, Wilson succeeded to the rights of Thompson, whose judgment stands upon the same footing as a conveyance recorded at the date of the docketing of the judgment. Under the statute, this judgment was a lien upon all the interest in the land which Baldwin appeared of record to have at the date of the docketing. This was the interest which Thompson sold, and had a right to sell, on execution, and which Wilson purchased. The rights of the parties under the registry act are precisely as if Thompson had procured from Baldwin, without notice of the assignment, a deed of conveyance of the premises, and placed it on record on the same date as the date of docketing the judgment, and subsequently conveyed to Wilson. The title of the latter relates back to, and is protected by, the docketing of the judgment.

The record contains a stipulation by all the parties that defendant Wilson "shall be considered a party to this appeal, and have a right to appear and be heard as a party on the argument." He here raises the point that the court below erred in allowing Welles credit for the $125 paid to Baldwin after the execution sale. The court finds as a fact that Welles had no actual notice of the execution sale at the time he paid this money. Wilson admits that, if this was the fact, Welles would be entitled to the credit, but he insists that the finding of the court is not justified by the evidence. It may admit of doubt whether the stipulation referred to is sufficient to enable Wilson to take advantage, on this appeal, of errors against himself. But, even if it is, the evidence as to actual notice to Welles is not entirely clear or unequivocal, and therefore we are not inclined to disturb the finding of the court below.

Order affirmed.