CHARLES J. BERRYHILL *vs.* MARK L. POTTER and others.

January 3, 1890.

**Vendor and Purchaser—Judgment against Vendor after Contract and with Notice—Lien.**—The equitable title of the vendee in a contract for the purchase of land, made in good faith and for a full and adequate consideration, is superior to the lien of a judgment creditor whose judgment is recovered with notice, actual or constructive, of such contract. The judgment is a technical lien upon the land, subject to the contract, because the legal title rests in the vendor, but to be enforced only against the interest of the latter to the extent of the unpaid purchase-money. Upon the fulfilment of the contract by the parties thereto such lien ceases, and is as effectually cut out as if the deed had been executed at the date of the contract. The judgment debtor, having no lien, cannot afterwards apply to a court of equity to redeem the premises from a prior mortgage.

Appeal by plaintiff from an order of the district court for Ramsey county, *Vilas,* J., presiding, refusing a new trial.

*C. E. & A. G. Otis* and *Berryhill & Davison,* for appellant.

*Williams & Goodenow,* for respondents.

VANDERBURGH, J.[1] On the 2d day of October, 1883, one Ruden recovered a judgment against Orlando B. Turrell, who then held the legal title to the real property in question in this suit. Previ-

[1] Gilfillan, C. J., was absent, and took no part in this case.

ous to that date Turrell had contracted to convey the same property to one R. P. Lewis, by an agreement in writing dated September 20, 1883, and in fulfilment thereof did execute and deliver to him a deed of bargain and sale of the premises on the 15th day of March, 1884. Lewis took actual possession of the premises on the day the contract bears date, and the same was duly recorded before the judgment above referred to was docketed. It is found by the court that this contract was a valid and binding agreement, made in good faith and for a valuable and adequate consideration, and that Lewis purchased the real estate therein mentioned subject to mortgage incumbrances, which then exceeded in amount the value of the property. The consideration agreed by Lewis to be paid was by him paid in full to Turrell in April, 1884. No attempt was made by the judgment creditor (Ruden) to enforce the lien of his judgment against these premises or the interest of the vendor therein, or to reach the purchase-money. On the 12th day of March, 1887, the judgment was assigned to the plaintiff. And in the year 1886 Lewis had conveyed the property in question by warranty deeds to the defendants, who were purchasers in good faith and for a valuable consideration. Prior to the contract and judgment referred to, Turrell had mortgaged the premises. The mortgage was subsequently foreclosed by action, and the judgment creditor (Ruden) was not made a party. The plaintiff, therefore, claims the right to redeem from the sale under the mortgage, upon equitable terms.

This claim is utterly without foundation. The judgment was subordinate to the contract with Lewis. It was technically a lien upon the legal title while held by Turrell, but he held the title as trustee for Lewis, and, when the purchase-money was paid and the deed given, as respects Turrell and subsequent grantees or lienholders with notice, it took effect, by relation, from the date of the contract, and plaintiff's judgment was as completely barred as if the deed had been made when the contract was. *Baker* v. *Thompson*, 36 Minn. 314, (31 N. W. Rep. 51,) While the contract was executory, the lien of the judgment might be enforced solely to reach the unpaid purchase-money. *Welles* v. *Baldwin*, 28 Minn. 408, (10 N. W. Rep. 427.) The

lien of the judgment attaches to the land as a "fund" for its payment, and where the unpaid purchase-money due upon a contract which is in fact superior to the lien of a judgment is brought into court, equity may, upon a proper showing, restrain proceedings to enforce the judgment by execution sale of the land. It is not an unusual practice, especially where the record does not afford protection, for courts of equity to control in this manner the operation of a judgment obtained subsequent to contracts for the sale of lands with notice, although the judgments may be strict legal liens upon the vendor's title. *Arnold* v. *Patrick*, 6 Paige, 310, 317, note; *Hampson* v. *Edelen*, 2 Har. & J. 64; *Finch* v. *Earl of Winchelsea*, 1 P. Wms. 277; *Burn* v. *Burn*, 3 Ves. 573, note. Upon the facts disclosed by the record in this case, the plaintiff, having no lien, has no standing in court as against defendants for the relief sought; and the result of the mortgage foreclosure, as respects the rights of Lewis and his assigns, is a matter which does not concern the plaintiff.

Order affirmed.