### C. A. FLEMING v. S. B. WILSON.[1]

June 3, 1904.

Nos. 13,898—(69).

**Judgment Lien.**

A judgment lien does not attach to real property held by a judgment debtor, when it clearly and conclusively appears he holds a bare legal title unaccompanied by any beneficial interest therein.

**Naked Legal Title—Execution Sale.**

Long after agreeing to convey certain lands and receiving full consideration therefor, and after parting with possession, M. continued to hold the legal title thereof. *Held*, as against such purchaser or his grantees in possession, applying the principle adopted in Minneapolis & St. L. Ry. Co. v. Wilson, 25 Minn. 382, Welles v. Baldwin, 28 Minn. 408, and Berryhill v. Potter, 42 Minn. 279, a lien did not attach under a judgment subsequently entered against M., and an execution sale based thereon did not operate to convey title to the premises involved.

Action in the district court for Blue Earth county to determine the adverse claims of defendant, as administrator of the estate of Gaylord Lamb, deceased, to certain land in possession of plaintiff. The case was tried before Lorin Cray, J., who found in favor of defendant. From a judgment entered pursuant to the findings, plaintiff appealed. Reversed.

*A. E. Clark,* for appellant.
*S. B. Wilson,* pro se.

[1] Reported in 100 N. W. 4.

DOUGLAS, J.

Action to determine adverse claims to real property.

In 1868 one E. Masters and Dyer Bill exchanged each with the other two twenty-acre tracts of land situated in the same section in Blue Earth county, adjacent to their respective farms. Each held a contract interest in the land traded, and entered into a bond conditioned to convey said tract to the other in fifteen years from the date thereof, or as soon as title could be acquired from the state of Minnesota. Each party at once entered into possession of the tract so agreed to be conveyed to him, and by himself or grantee has remained in undisputed, open, and continuous possession thereof, and paid taxes thereon. It appears that plaintiff is in possession and is the ultimate grantee of the interest in said tract so conveyed by Masters to Dyer Bill, and brought this action to determine adverse claims. Masters did not convey the technical legal title until 1902. On August 22, 1901, a judgment was entered against said E. Masters in the district court of Blue Earth county, and thereafter Gaylord Lamb, now deceased, purchased said property at an execution sale duly held to enforce the pretended lien of such judgment. From the judgment of the court holding that the title passed to such purchaser, plaintiff appeals.

In Minneapolis & St. L. Ry. Co. v. Wilson, 25 Minn. 382, and Welles v. Baldwin, 28 Minn. 408, 10 N. W. 427, this court held that, where a party executes a contract for the conveyance of land, he continues to be the legal owner as long as any part of the purchase money remains unpaid, and his interest therein, subject to the equitable rights of the vendee, is bound by the lien of the judgment docketed against him in the county where the land is situated. In Berryhill v. Potter, 42 Minn. 279, 44 N. W. 251, under similar conditions, it was held: "The judgment is a technical lien upon the land, subject to the contract, because the legal title rests in the vendor, but to be enforced only against the interest of the latter to the extent of the unpaid purchase money."

In the case at bar the tracts of land referred to were mutually exchanged. They were treated as of equal value, and nothing remained to be done except to execute and deliver the respective conveyances. This was deferred at the time for the reason that neither party owned the legal title, and could not require a patent from the state for a number of years. Amplifying the principle declared in Minneapolis & St.

L. Ry. Co. v. Wilson, Welles v. Baldwin, and Berryhill v. Potter, supra, we are of the opinion that the lien of said judgment did not attach to the property in question, and the sale referred to did not operate to vest in respondent any interest in the land. Masters held the naked legal title in trust for others, without any beneficial personal interest in the property, and a sale thereof upon execution was inoperative. Kleber, Void Jud. Sales, § 342.

In this view of the law it becomes unimportant for us to consider the further inquiry presented as to the effect of the exclusive, continuous, and hostile possession of the premises in question in the appellant and his grantors since 1868; for, as against respondent, appellant has a possessory interest in the land paramount to the claim relied upon.

It therefore follows the judgment is reversed, with directions to the trial court to amend its conclusions of law and enter judgment in favor of appellant herein for the relief demanded in his complaint.

Judgment reversed.