[File No. 7251]

ROSE ANNA REDMAN, Respondent, v. A. J. BIEWER and THE STATE OF NORTH DAKOTA, and A. J. BIEWER, Appellant.

(48 NW2d 372)

Opinion filed June 1, 1951

*Halvorson & Halstead,* for appellant.

*Murray & Murray,* for respondent.

CHRISTIANSON, J. Plaintiff brought this action to determine adverse claims to certain land in Grant County in this state and to reform a contract for deed for such land executed and delivered

by the State of North Dakota by the Board of University and School Lands to Roy P. Redman, the plaintiff's husband. The complaint sets forth two causes of action. The first cause of action contains the allegations of a complaint in an action under the statute to determine adverse claims. The second cause of action sets forth that the plaintiff's husband, Roy P. Redman, as her agent purchased for her the land in question from the State of North Dakota; that he paid the purchase price therefor from and with her funds; that the State of North Dakota through error and mistake inserted the name of her husband, Roy P. Redman, as vendee in the contract for deed; that after said Redman received the duplicate of such contract he notified the defendant, the State of North Dakota, of such error and requested that the error be corrected and that the name of the plaintiff be placed in the contract as vendee; that he was advised by the State of North Dakota that it was not necessary to make such correction; that he, the said Roy P. Redman, could assign the contract to the plaintiff and that such transaction would have the same effect as if the contract for deed had been executed in her name as vendee in the first instance; that the said Redman and the plaintiff relied on this and that the said Roy P. Redman did execute and deliver to the plaintiff an assignment of the contract in writing; that thereafter the plaintiff and Roy P. Redman informed the defendant, the State of North Dakota, of such assignment and demanded that deed be executed and delivered to the plaintiff upon the payment of the balance of the purchase price. That thereafter the said plaintiff through her said agent, Roy P. Redman, did pay the balance of the purchase price and that at the time such payment was made he demanded deed from the State of North Dakota to the plaintiff.

The defendant Biewer answered alleging that he was and is the owner of a certain judgment for $1034.76 in favor of Federal Deposit Insurance Corporation and against Roy P. Redman in District Court of Grant County in this state, rendered and docketed April 18, 1941; that said Biewer purchased such judgment for a valuable consideration and received an assignment thereof in writing from the judgment creditor which assignment was filed in the office of the Clerk of the District Court of said

Grant County on or about November 28, 1949, and that such judgment is a lien upon the land in question. The plaintiff interposed a reply to the answer denying generally the new matter set forth therein but admitting that the defendant Biewer became the owner of the judgment and alleging that he did not purchase the same in good faith, paid only a nominal sum therefor and that said defendant Biewer at all times had knowledge that the judgment debtor Roy P. Redman was at no time the owner of the property involved in this action, and that the plaintiff was the owner thereof.

The case was tried to the court without a jury and the trial court made findings of fact and conclusions of law in favor of the plaintiff and rendered judgment that the plaintiff was and is the owner in fee simple of the land in controversy; that the defendants and neither of them have any estate, right, title, interest, lien or encumbrance thereon; that the judgment against Roy P. Redman in favor of the Federal Deposit Insurance Corporation assigned to and owned by the defendant Biewer is not a lien upon said land and that a levy made upon such land under an execution issued on such judgment is null and void. The defendant Biewer appeals from the judgment and demands a trial anew in this court.

The evidence shows that at the time the land involved in this action was purchased from the Board of University and School Lands of the State of North Dakota, the plaintiff was the owner of lands adjacent to and bordering upon such lands and that she had owned such lands for many years prior thereto. The uncontradicted testimony of the plaintiff and her husband is to the effect that she instructed her husband to purchase for her the land involved in this suit; that she owned considerable land adjoining this particular land and desired to acquire the land in suit and that her husband, Roy P. Redman, purchased the land for her but that the contract for deed instead of being made out in her name as vendee was made out in the name of her husband as vendee.

The evidence shows that the lands owned by the plaintiff adjoining the land in suit were received by her as part of her inheritance from her parents. The uncontradicted evidence is to

the effect that the plaintiff had received large sums of money and other property from the estate of her parents and that the principal amount of monies in her bank account had come from such source. The evidence is also to the effect that on the 20th day of July 1945 the State of North Dakota by the Board of University and School Lands executed and delivered to Roy P. Redman, plaintiff's husband, a contract for deed to the land in question. By such contract the Board of University and School Lands agreed to sell and Roy P. Redman agreed to buy the tracts of land involved herein for the sum of $2400; that at said time the said Roy P. Redman as a down payment on the purchase price of said land delivered to the Board of University and School Lands a check in the sum of $514.00 which said check was drawn on the checking account of the plaintiff in the Grant County State Bank of Carson and was signed, Rose Anna Redman by Roy P. Redman. Thereafter and on the 23rd day of May, 1946, Roy P. Redman paid to the Board of University and School Lands the further sum of $1944.00 being the balance due on said land contract, such check was also drawn on the bank account of the plaintiff in the Grant County State Bank. When said check for the balance of the purchase price was sent to the State Land Department it was enclosed with a letter from Roy P. Redman, which letter read as follows:

"Heil, N. Dakota
May 23, 1946

Land Department
Bismarck, N. Dak.

Dear Sir: Grant Co.

Enclosed find check to cover balance due on W½SE and SW¼NW¼ & Lot 2 in Section 2–134–88. This amount covers interest to June 1, 1946. Kindly complete this contract and send abstract of title and deed *made out to* Rose Anna Redman, as soon as possible.

Very truly yours,
ROY P. REDMAN.
Grant Co.
Heil, North Dakota"

On September 6, 1945, Roy P. Redman executed and delivered to the plaintiff a written assignment of said contract for deed which assignment contains the following clause: "The consideration for this assignment is that Roy P. Redman furnished the consideration for said contract." On March 22, 1947, Roy P. Redman wrote the Land Commissioner, (the Secretary of the Board of University and School Lands), a letter wherein he said:

"Relative our talk a few days ago in your office, I inquired in the attorney generals office and was advised by the attorney for the land department that he was of the opinion if you would take this up with the board that this deed could be assigned to Rose Anna Redman as I explained to you.

On May 23, 1946 I mailed you a check from Rose Anna Redman with instructions to make this deed to her. On June 11, 1946 you made a deed to me and sent it out to me. As I told you in the office I do not want to record a deed to me for this land.

Kindly see if you can get this assigned by the board and let me know just how this assignment must be made and I will send it along with the required fee so that this may be finished up.

Very truly yours,
ROY P. REDMAN."

Deed enclosed.

On December 21, 1949, Roy P. Redman as trustee executed and delivered to the plaintiff a quit claim deed for the land in question. On July 25, 1945, the Land Commissioner informed the County Auditor of Grant County of the sale of the land and as a consequence the land was listed upon the records of the county auditor and assessed in the name of Roy P. Redman. The record shows, however, that all taxes on the land were paid by checks written on the account of Rose Anna Redman in the Grant County State Bank and that all tax receipts that were issued for such payments were made out in her name. The evidence shows that neither the contract for deed nor the deed from the State Land Department or the assignment of said contract for deed were ever filed or recorded in the office of the Register of Deeds of Grant County.

In a memorandum decision the trial court said, "the evidence conclusively shows that all of the purchase price of the land was paid by checks drawn on her (plaintiff's) bank account in the Grant County State Bank; the checks being signed, 'Rose Anna Redman by Roy P. Redman;' that the taxes on the land have always been paid in the same manner out of her bank account and that all of the tax receipts, as shown by the exhibits offered in evidence, have been made out in her name." The court further stated that "the Court has come to the conclusion that the plaintiff has sustained the allegations of her complaint by a fair preponderance of the evidence and that she is entitled to a decree quieting title to the land free and clear of the lien of the judgment hereinbefore described. The Court further finds that under the facts in this case that the title which Roy P. Redman received from the State Land Department was in trust for and behalf of the plaintiff who paid all of the consideration for the purchase of said land."

We fully agree with the views as thus expressed by the trial court. We think there can be no doubt that under the evidence the title which Roy P. Redman received from the defendant, State of North Dakota, was received and held by him as trustee for the plaintiff. The evidence shows that at the time the land was purchased and for a number of years prior thereto the plaintiff was the owner of land contiguous to the land in suit and that the land in suit was so situated as to make it peculiarly adaptable for use together with the adjacent farm owned and operated by the plaintiff. The evidence shows without dispute that payments of the entire purchase price were made with checks drawn upon the plaintiff's bank account. The evidence negatives any intention by the plaintiff to make a gift to her husband. It is clear that Roy P. Redman merely received and held the naked legal title to the land in trust for the plaintiff. Kernkamp v. Schulz, 44 ND 20, 176 NW 108; Roberge v. Roberge, 46 ND 402, 180 NW 15; Fox v. Fox, 56 ND 899, 219 NW 784. See also Howe v. Howe, 199 Mass. 598, 85 NE 945; Note: 127 Am St Rep p 256.

In Fox v. Fox, supra, this court said:

"In Kernkamp v. Schulz, 44 ND 20, 176 NW 108, and Roberge v. Roberge, 46 ND 402, 180 NW 15, this court has held that where

the title is taken in the name of one but the consideration there-fore is paid by another there is a resulting trust. . . . 'Where the purchase money is all paid by one, and the property is con-veyed to another, there is a resulting trust in favor of the party paying. . . .'" 56 ND pp 907–908.

A trust in relation to real property may be created by opera-tion of law. NDRC 1943, 59–0303(3). "An implied trust is one which is created by operation of law." NDRC 1943, 59–0105.

"An implied trust arises in the following cases: . . . 2. One who gains a thing by fraud, accident, mistake, . . . is, unless he has some other and better right thereto, an implied trustee of the thing gained for the benefit of the person who would other-wise have had it; . . . 4. When a transfer of real property is made to one person and the consideration therefor is paid by or for another, a trust is presumed to result in favor of the person by or for whom such payment is made." NDRC 1943, 59–0106.

Parol evidence is admissible to prove an implied trust result-ing from payment or ownership of the purchase money for conveyance to another and to show that the consideration paid belonged to the person claiming the trust. 65 CJ 385 et seq.; Sheffield Milling Co. v. Heitzman, 192 Ia 1288, 184 NW 631. Such trust does not depend upon contract but arises by operation of law and is not affected by the statute of frauds. Howe v. Howe, supra; Note: 127 Am St Rep p 522; Stauffacher v. Great Falls Public Service Co. 99 Mont 324, 43 P2d 647. The evidence in this case shows that the entire consideration was paid with plaintiff's monies and that there was no intention on her part or on the part of her husband that plaintiff should make a gift of the land to her husband. We think the evidence conclusively shows that the title conveyed by the defendant, the State of North Dakota, to plaintiff's husband was received and held by him in trust for the plaintiff and that in the execution and delivery to her of the deed he merely carried out the duties placed upon him by the law as trustee.

Appellant contends that under the laws of this state the lien of the judgment attached to the land in suit upon the delivery of the deed to Roy P. Redman by the State of North Dakota. The

statutory provisions relating to the lien of a judgment are embodied in NDRC 1943, 28–2013 and 47–1941.

NDRC 1943, 28–2013 provides that a judgment which, in whole or in part, directs the payment of money "shall be a lien on all the real property, except the homestead, of every person against whom any such judgment is rendered, which he may have in any county in which such judgment is docketed at the time of docketing or which he thereafter shall acquire in such county, for ten years from the time of docketing the same in the county in which it was rendered." NDRC 1943, 47–1941 provides that "every conveyance of real estate not recorded as provided in section 47–1907 shall be void as against any subsequent purchaser in good faith, and for a valuable consideration, of the same real estate, or any part or portion thereof, whose conveyance, whether in the form of a warranty deed, or deed of bargain and sale, or deed of quitclaim and release, of the form in common use or otherwise, first is recorded, or as against an attachment levied thereon or any judgment lawfully obtained, at the suit of any party, against the person in whose name the title to such land appears of record, prior to the recording of such conveyance."

A judgment lien on real property is a creature of statute. 49 CJS p 884; 1 Black on Judgments, 2d ed Sec 400, p 633, Sec 414, p 649.

Black (1 Black on Judgments, 2d ed, Sec 820, p 659) says:

"The lien of a judgment attaches to the precise interest or estate which the judgment-debtor has, actually and effectively, in the land. By this is meant that, as the recovery of a judgment against him cannot of itself operate to change the quantity of his interest in the property, so its lien cannot be made effectual to bind or convey any greater or other estate than the debtor himself, in the exercise of his rights, could voluntarily have transferred or alienated. Hence it is of no consequence that he may have an apparent or colorable interest greater than would pass by this conveyance of the title; the lien has no effect except upon his actual estate, legal or equitable, according as the law varies in the different jurisdictions."

"The preference, if any, accorded to a judgment lien over a

prior unrecorded interest in the debtor's land is based entirely upon statute, it extends no further than the terms of the statute, and if the statute merely protects the holder of a judgment against one in whose name the title appears of record it gives no preference to a judgment against a grantor whose title as well as that of his grantee is unrecorded." 2 Freeman on Judgments, 5th ed, Sec 971, pp 2041–2042.

"Except as modified by registration laws, the lien of a judgment attaches to the precise interest or estate which the judgment debtor has actually and effectively in the property, and only to such interest." 49 CJS Sec 478, p 912.

There are fundamental differences between the scope and effect of Section 28–2013, supra, and Section 47–1941, supra. Section 28–2013, supra, is applicable to all judgments which, in whole or in part, direct the payment of money. Section 47–1941, supra, places attaching and judgment creditors on a footing with purchasers in good faith and for a valuable consideration. This section according to its express terms is applicable *only* where the attachment or judgment is "against the person in whose name the title to such land appears of record." Under Section 28–2013, a judgment becomes a lien upon real estate only to the extent of the actual interest of the judgment debtor and no more. " 'Whenever a lien attaches to any parcel of property, it becomes a charge upon the precise interest which the judgment debtor has, and no other. The apparent interest of the debtor can neither extend nor restrict the operation of the lien, so that it shall incumber any greater or less interest than the debtor in fact possesses." Dalrymple v. Security Improvement Co. 11 ND 65, 71, 88 NW 1033. Minnesota has a statute quite similar to Section 28–2013, supra. See, 35 Minn. Stat. Anno 548.09. It also has a statute which in all material respects is identical with Section 47–1941, supra. See, 29 Minn Stat Anno 507.34. In fact, the latter section was borrowed from Minnesota, (Ildvedsen v. First State Bank, 24 ND 227, 233, 139 NW 105, 107; McKenzie County v. Casady, 55 ND 475, 483, 214 NW 461, 464; Agricultural Credit Corporation v. State, 74 ND 71, 77, 20 NW2d 78, 80), and had received a settled construction in Minnesota before it was

adopted in this state. In Coles v. Berryhill, 37 Minn 56, 33 NW 213, speaking through Judge Mitchell the Supreme Court of Minnesota said: "This statute, by its express terms, makes an unrecorded conveyance void as against a judgment *only* when the judgment is 'against the person in whose name the title to such land *appears of record* prior to the recording of such conveyance.'" In Lyman v. Gaar, Scott & Co., 75 Minn. 207, 74 Am St Rep 452, 77 NW 828, the court, having this section under consideration, in an opinion written by Chief Justice Start said:

"Independent of this statute, the rights of attachment and judgment creditors are precisely as they were at common law; that is, the lien of the levy or judgment attaches only to the actual interest the debtor had in the land at the time of the levy or docketing of the judgment. And where, as in this case, the creditor seeks to subject the property of a third party to the payment of his debt against a prior owner thereof, he must bring himself within the statute. The defendant has not done so in this case. The meaning of this statute is not doubtful. It places attachment and judgment creditors on a footing with bona fide purchasers as against an unrecorded conveyance, only where the attachment or judgment is against the persons in whose name the title to the land appears of record; that is, it allows their liens to attach to the lands of their debtors according to the title as it appears of record prior to the recording of such conveyance, and not as it exists in fact. . . . In this case Buzzell never had any title of record to the land; hence the unrecorded assignment of his contract for its purchase was not void as against the defendant's attachment and judgment, and the defendant acquired no lien on, or interest in, the land by its attachment and judgment."

In McKenzie County v. Casady, supra, this court had under consideration the construction and application of CL 1913, Sec 5594, which was codified and embodied in NDRC 1943, 47–1941. In the decision in that case this court called attention to the origin of the statute and the construction that had been placed upon it by the Supreme Court of Minnesota and quoted with approval the statement of the Minnesota court in its decision in Lyman v. Gaar, Scott & Co., which is quoted above. What

was said by the Minnesota court in Lyman v. Gaar, Scott & Co. and by this court in McKenzie County v. Casady is directly applicable here.

The title to the land involved in this action did not appear of record in the name of the judgment debtor, and has at no time so appeared. Under its express terms Section 47–1941, supra, has no application to the judgment involved in this action, and under Section 28–2013, supra, the lien of a judgment attaches only to the actual interest that the judgment debtor had in the land at the time the judgment was rendered and no more. In this case the judgment debtor had no estate or interest in the land. The equitable and beneficial title was in the plaintiff, and the judgment debtor held merely the naked legal title as trustee for the plaintiff. The lien of the judgment did not attach to the land. Dalrymple v. Security Improvement Co., supra; Arntson v. First National Bank, 39 ND 408, 417–418, 167 NW 760, 763; Lyman v. Gaar, Scott & Co., supra; 49 CJS 921; 1 Black on Judgments, 2d ed, Sec 421, p. 660; Farmers & M. State Bank v. Stageberg, 161 Minn 413, 201 NW 612; School District No. 10 v. Peterson et al, 74 Minn 122, 76 NW 1126; Fleming v. Wilson, 92 Minn 303, 100 NW 4.

The judgment appealed from is affirmed.

MORRIS, C.J., and SATHRE, BURKE and GRIMSON, JJ., concur.