American National Bank and Trust Company of Chicago, a National Banking Association, Plaintiff-Appellant, v. Thomas F. Whitehead, Defendant-Appellee, and Steven L. Amdur, Cosmopolitan National Bank of Chicago, as Trustee Under Trust No. 15289, Bernard A. Fried and Mabel G. Weidmann, Supplemental Defendants-Appellees.

Gen. No. 51,966.

First District, Third Division.

March 14, 1968.

Rehearing denied April 16, 1968.

Arnstein and Levin, and Edward A. Berman, of Chicago (Edward A. Berman, of counsel), for plaintiff-appellant.

Merwin S. Rosenberg, of Chicago, for supplemental defendant-appellee Mabel G. Weidmann.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

This is an appeal from an order finding defendant Weidmann's rights to certain assets prior and superior to those of plaintiff.

On July 6, 1965, plaintiff recovered a judgment by confession against defendant Whitehead in the amount of $8,501.98, plus costs. Execution was dated July 7, 1965, and was returned marked "defendant moved, cannot serve." The note on which the judgment was based was signed by Whitehead individually.

Plaintiff next filed citations to discover assets directed against, among others, defendants Amdur, Cosmopolitan National Bank (Cosmopolitan) and Fried. Examinations pursuant to the citations were held in September, 1965. At those proceedings it was revealed that defendants Whitehead and Fried entered into a partnership agreement on June 1, 1963. The purpose of said partnership was the purchase, remodeling and operation of a building on Wellington Street in Chicago.

On April 28, 1965, Fried and Whitehead entered into a contract for the sale of the Wellington property to Amdur as agent for Cosmopolitan. Among other provisions, $15,000 was payable to the partners on November 1, 1965. By a court order entered on October 29th Amdur and Cosmopolitan were enjoined from transferring or disposing of any money to which Whitehead might be entitled under the contract of sale.

On November 17, 1965, the court ordered Baird & Warner, managing agent of the Wellington property under the Fried and Whitehead ownership, to pay over to plaintiff 60% of the funds from operation of the building.

On December 29th plaintiff filed a petition for a turnover order against Amdur and Cosmopolitan. On January 7, 1966, Amdur and Cosmopolitan filed their answers which stated that on July 8, 1965, they had received no-

tice that the interest of Fried and Whitehead in the contract was assigned to defendant Weidmann on June 28th and that another person subsequently claimed rights in 60% of the funds under an assignment by Whitehead.

Defendant Weidmann was given notice of the proceedings and filed her verified answer on February 7, 1966. She stated that, for good and valuable consideration, by a written instrument signed by Fried, she had been assigned the interest of Fried and Whitehead, as copartners, under the contract of sale. She further stated that the consideration was the overdue balance of the purchase price of certain property in Chicago.

On October 31, 1966, the trial court entered an order finding the rights of Weidmann to be prior and superior to the rights of plaintiff and vacating the injunction order of October 29, 1965. Plaintiff was found to have a lien on Whitehead's interest in the contract which was inferior to Weidmann's claim. Plaintiff appealed.

Plaintiff contends on appeal that: (1) defendants are estopped by their silence from raising the assignment as a defense; (2) the attempted assignment of the partnership assets must fail for lack of consideration, and (3) the assignment by one partner of all the partnership assets without the consent or ratification of the copartner is a nullity.

Defendant Weidmann claims that the assignment to her is not subject to attack by plaintiff.

Plaintiff first contends that defendants are estopped by their silence from raising the assignment as a defense. It is pointed out that Fried was a party to the proceedings and testified twice in September, 1965, but did not mention the assignment in favor of Weidmann. The existence of such was revealed only after plaintiff filed a turnover petition against Amdur and Cosmopolitan. Fried also was silent as to the existence of the assignment at the time the order was entered directing Baird & Warner

to pay over Whitehead's share of the net rents to plaintiff.

█ Weidmann argues that the estoppel theory is inapplicable to her for two reasons. First, Fried's testimony related to funds held by Baird & Warner, not those held by Amdur and Cosmopolitan, and the order entered referred only to rental funds and made no reference to the contract of sale of the property. Secondly, at the time Fried failed to speak up Weidmann was not a party to the action and she was given no notice of the proceedings until January, 1966. Any comments or failure to comment by Fried cannot bind or prejudice Weidmann. She refers us to Lamm v. Armstrong, 95 Minn 434, 104 NW 304, a Minnesota case wherein the assignor of a contract of sale of land agreed with the purchaser to cancel the contract. The court held that the assignment of the contract created a lien on the land in favor of the assignee which could not be destroyed by the subsequent actions of the assignor and the purchaser. The assignee was not bound by the acts of the assignor. Analogously, the fact that an assignor (Fried) made no mention of the assignment of the contract rights, when he was questioned only as to rents collected and operating expenses, can hardly be said to estop the assignee from asserting her rights in the proceeds of the contract of sale after she is given notice of proceedings in which an adverse party is seeking benefits from that contract. Plaintiff cited several cases in support of its position. However, those cases involved estoppel of parties to assert their rights when they themselves had notice of the conditions or proceedings.

█ Plaintiff contends that the attempted assignment must fail for lack of consideration. Plaintiff filed no reply to Weidmann's answer which set out the assignment and stated that it was for good and valuable consideration. Section 43(4) of the Civil Practice Act provides:

"The facts constituting any affirmative defense, such as . . . want or failure of consideration in whole or in part, . . . must be plainly set forth in the answer or reply."

(Ill Rev Stats 1965, c 110, par 43 (4).)

Plaintiff claims that on its face the assignment showed a lack of consideration. The assignment recited that the assets were to be security for a past due debt guaranteed by Fried and Whitehead. It is only reasonable that the assignment was in return for forbearance on Weidmann's part from bringing suit against the partners. Forbearance to bring suit on past due debts constitutes consideration to the partnership for the assignment in question. Although the underlying obligation was that of both individual partners, partnership assets might be reached to satisfy individual creditors, after the payment of any partnership creditors. No partnership creditors appear in this suit.

Plaintiff finally contends that lack of consent by Whitehead to the assignment nullifies the assignment. On the other hand, defendant Weidmann contends that the assignment is not subject to collateral attack by plaintiff. In Farwell v. Huston, 151 Ill 239, 37 NE 864, a partnership creditor was held to have no standing to challenge judgments by confession entered against the partnership. The court held that, while the judgment debtor (the partnership) could challenge the judgments, a third party, even though he be a creditor, could not object to them. Plaintiff points out that the Farwell case predates the enacting of the Uniform Partnership Act by Illinois. (Ill Rev Stats 1965, c 106½.) While this is true, the act complained of in that case, that of confessing judgment by less than all of the partners, is covered by the same section of the new act as is the assignment of partnership assets by less than all of the partners. Section 9 provides in part:

124

"(2) An act of a partner which is not apparently for the carrying on of the business of the partnership in the usual way does not bind the partnership unless authorized by the other partners.

"(3) Unless authorized by the other partners or unless they have abandoned the business, one or more but less than all the partners have no authority to:

> "(a) Assign the partnership property in trust for creditors . . .;
>
> ". . .
>
> "(c) Do any other act which would make it impossible to carry on the ordinary business of the partnership;
> "(d) Confess a judgment;
>
> ". . ."

(Ill Rev Stats 1965, c 106½, par 9.)

The Farwell case, supra, held the right to challenge a partner's authority or another partner's lack of consent to those acts to be limited to a wronged partner. It may be that the court felt that a noncomplaining partner was an acquiescing partner. We feel that the rule expressed in the Farwell case, supra, is still good law and, furthermore, that it applies as well to cases in which less than all of the partners assign partnership assets.

Plaintiff cites the case of First Nat. Bank of Charleston v. White, 268 Ill App 414, wherein a personal judgment creditor of one partner was able to reach that partner's interest and obtain an accounting from the remaining partner, notwithstanding an assignment of the debtor's interest to his partner. In that case, however, the judgment was obtained and execution issued on the same day and the next day the debtor partner assigned his interest in the partnership to his partner. In the

instant case, the assignment was executed on June 28, 1965, and plaintiff obtained its judgment in July, 1965. The assignment was prior to the establishment of plaintiff's lien on Whitehead's interest and, therefore, plaintiff has a right to satisfaction only out of the interest of Whitehead remaining after satisfaction of Weidmann's claim.

Since only a partner may challenge the validity of an assignment of partnership assets and there was no showing of a lack of consideration therefor, the judgment of the trial court must be affirmed.

A motion of defendant Fried to strike the briefs of appellant was taken with the case. Since we have gone into the merits of the case the motion will be denied.

Affirmed.

DEMPSEY, P. J. and McNAMARA, J., concur.