**Arthur C. KURZ, et al., Appellants,**

v.

**Robert A. GRAMHILL, et al.,
Respondents.**

**No. 48079.**

Supreme Court of Minnesota.

July 28, 1978.

---

Wegner, Wegner & Amerman, Minneapolis, for appellants.

Chestnut, Brooks & Burkard and Karl Cambronne and W. Roy Johnson, Minneapolis, for respondents.

Heard before PETERSON, YETKA and WAHL, JJ., and considered and decided by the court en banc.

PETERSON, Justice.

Plaintiffs, Arthur and Opal Kurz, sold a pleasure boat to one David Morton, who promised to pay them $17,500. To secure payment, Morton assigned to plaintiffs a vendor's interest in a contract for deed to a home and surrounding land (the property) located in Excelsior, Minnesota. After Morton failed to make payment, plaintiffs brought this action to recover from David Morton and others and to impress an equitable mortgage on the property superior to the interest of defendants, Robert and Patricia Gramhill, who resided on the property. The district court ordered summary judgment for plaintiffs against David Morton. But after a bench trial, the court held that plaintiffs were not entitled to an equitable mortgage on the property. We affirm.

Prior to the transactions involved in this case, Harry and Karin Brey were the registered fee owners of the property. In August 1970, they contracted to deed the property to Joseph and Renee Romain. The Romains did not move onto the property, and it stood vacant until December 1970, when the Romains contracted to deed the property to David and Karen Morton. The Mortons moved onto the property at that time. Neither the contract from the Breys to the Romains nor the Romains to the Mortons was registered.

David Morton claims in deposition testimony that about June 1972 he transferred his interest in the contract for deed with the Romains to Ecology Plus, Inc. (Ecology Plus), a corporation owned by him, his wife, and one other investor. The Mortons continued to live on the property, and the alleged contract for deed was not registered. In December 1972, Ecology Plus, acting through David Morton, entered into a contract for deed in which it promised to convey the property to Gladys Olson. The contract was not registered, and the Mortons remained in residence on the property. David Morton deposed that the contract with Olson, a realtor, was intended to pro-

vide an incentive for her to sell the property. Under the contract, Olson promised to make annual payments to Ecology Plus.

It was several months after the contract between Olson and Morton that plaintiffs first entered the picture. On April 9, 1973, David Morton agreed to purchase plaintiffs' 36-foot pleasure boat. When the sale was consummated a week later, Morton paid plaintiffs $10,000 in cash. The remaining $17,500 of the purchase price was to be paid in the future, and to secure payment Ecology Plus assigned to plaintiffs its vendor's interest in the contract for deed between Ecology Plus and Gladys Olson. It is by this assignment of vendor's interest that plaintiffs claim an equitable mortgage on the property. The assignment was not registered, and the Mortons continued to reside on the property.[1]

It was not until the summer of 1973 (several months after the boat transaction) that defendants—who had nothing to do with any of the above transactions—became interested in the property. Defendants were shown the property by David Morton, who deposed that he did not tell them about the transactions involving Ecology Plus, Gladys Olson, and plaintiffs. Morton played a role (to an extent not clearly shown by the record) in arranging for defendants to purchase the property by means of a contract for deed from the Romains. On August 3, 1973, the Romains contracted to deed the property to defendants. It is undisputed that defendants gave the Romains valuable consideration and entered into the August 3, 1973, contract without actual or record notice of any claim to the property by plaintiffs. Sometime between August 1 and 15, 1973, the Mortons moved, and defendants took up residence on the property. The contracts for deed from the Breys (the registered fee owners) to the Romains and from the Romains to defendants were registered with the registrar of titles.

According to a stipulation before trial, it was not until after defendants' contract for deed was registered that they first received notice of plaintiffs' claim to a security interest in the property. Thereafter, on July 22, 1974, the Breys gave a warranty deed to the property to their vendees, the Romains. One week later, the Romains gave a warranty deed to the property to defendants. Both deeds were filed with the registrar of titles on August 7, 1974. Thereafter, plaintiffs brought this action.

Prior to trial, the district court ordered summary judgment for plaintiffs against the Mortons, Ecology Plus, and another corporation owned by the Mortons. At the trial concerning plaintiffs' equitable mortgage claim against defendants, David Morton was not available to testify. However, over defendants' objection, the trial court admitted deposition testimony by David Morton from which plaintiffs sought to prove that Morton had actually transferred his interest in the property to Ecology Plus, so that Ecology Plus had an interest to transfer to Gladys Olson and plaintiffs.

Even though David Morton's deposition testimony was admitted, the court as trier of fact found that the testimony was self-serving and equivocal and not sufficient to establish that the Mortons ever transferred whatever interest they had in the property to Ecology Plus. Based on this finding, it followed that Ecology Plus had no interest in the property to contract to deed to Gladys Olson and that the assignment of the vendor's interest in the Olson contract to plaintiffs gave them no interest in the property. Thus the trial court refused to impress an equitable mortgage upon the property in favor of plaintiffs.

On appeal plaintiffs raise two issues. First, they challenge the trial court's critical finding that there was insufficient proof that Ecology Plus had ever been granted an interest in the property. Second, plaintiffs contend that the notice of their claim to defendants, *after* defendants' contract for deed but *before* defendants obtained the deed, meant that defendants took legal title subject to plaintiffs' interest. Since we affirm the trial court's finding that there was insufficient proof that Ecology Plus had ever been granted an interest in the property which it could as-

---

1. The boat was later destroyed by fire.

sign to plaintiffs, we do not reach the second issue concerning notice of plaintiffs' claimed interest.

■ Where the vendor of a contract for deed assigns the contract as security for the payment of his debt to the assignee, the assignment will vest in the assignee an equitable mortgage[2] on the vendor's interest in the property. *Lamm v. Armstrong*, 95 Minn. 434, 104 N.W. 304 (1905); 12 Dunnell, Dig. (3 ed.) § 6150.30. But the assignment cannot give rise to an equitable mortgage in the assignee where the vendor-assignor did not have an interest in the property.

■ An interest in real estate, other than a lease for a term not exceeding 1 year, must be granted in writing. Minn.St. 513.04. It has long been the rule in this state that where former existence of a deed claimed to be lost is denied, proof of its former existence must be clear and strong, and it must be shown that the deed was properly executed. *In re Application of St. Paul to Register Title*, 266 Minn. 304, 123 N.W.2d 586 (1963); *Wakefield v. Day*, 41 Minn. 344, 43 N.W. 71 (1889); 7A Dunnell, Dig. (3 ed.) § 3275. In the circumstances of this case, the trial court correctly required clear and strong proof that Ecology Plus had received an interest in the property from the Mortons. David Morton's deposition testimony was the only noncircumstantial evidence that such an interest was granted, and it was for the trial court as trier of fact to determine the credibility of that testimony. We cannot say that the trial court was clearly erroneous in finding that David Morton's deposition testimony was not credible and not sufficient to prove that Ecology Plus had ever been granted an interest in the property.

The trial court's finding that the proof was insufficient is fully consistent with the balance of equities in this case. There is no doubt that plaintiffs have suffered a harsh loss in not receiving payment from David Morton on his debt to plaintiffs arising out of his purchase of the pleasure boat. But the practical question in this litigation is whether plaintiffs should obtain recovery on the Mortons' debts by means of an equitable lien on property innocently purchased by defendants. In purchasing the property, defendants obtained legal counsel, investigated the certificate of title, and registered their contract after the transaction. Equity does not require that defendants suffer for the less diligent conduct of plaintiffs.

Affirmed.

---

**2.** "The term equitable mortgage is used as a catchall term to denote all of the transactions which, despite peculiarities of form or the appearance of a non-security deal, are given the effect of a mortgage when examined by a court with equitable powers. The true nature of the created security interest remains unclear until established by the equitable decree." 3 Powell, Real Property, par. 446.